LIDGERWOOD MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35193.    Filed August 31, 1954.

*Eugene Meacham, Esq.,* and *Fred R. Tansill, Esq.,* for the petitioner.
*Ellyne E. Strickland, Esq.,* for the respondent.

1156

OPINION.

RICE, *Judge:* The petitioner introduced extensive evidence into the record with reference to the history of the corporation, detailed descriptions of the 3 new products manufactured by Dutchess, and to the stoker program of Superior. It also introduced evidence to support its allegation that the 2 subsidiaries were insolvent and unable to pay the indebtedness canceled. Petitioner requested that we make a number of specific findings of fact on those and other matters.

We have carefully reviewed all of the documentary evidence presented as well as the testimony of the petitioner's witnesses. Many requested findings have been omitted, for, while interesting, many of those facts and other items of information are extraneous and irrelevant; and their inclusion would only serve to obscure the significance of those facts which we have found and which are necessary to the decision of the question presented.

Petitioner has attempted to show that the $650,000 of indebtedness owed to it by Superior and Dutchess was a totally worthless and uncollectible bad debt which it canceled in 1946 and argues that it is entitled to an appropriate deduction therefor. As an alternative argument, it has attempted to show that a part of the amount canceled was a partially worthless bad debt, a business loss, or a business expense.

Obviously, a "loss," in the generic sense, cannot be both a "bad debt" and a "business loss." *Spring City Foundry Co.* v. *Commissioner,* 292 U. S. 182 (1934). But the petitioner is not precluded from arguing both theories in the hope of showing the applicability of one of them to the facts presented.

In support of his determination that no part of the amount canceled should be allowed as a bad debt or loss, respondent argues: (1) That

the advances by petitioner were capital contributions to Superior and Dutchess when made; (2) assuming the advances to be loans, they were not proved to be worthless; and (3) if the advances were loans when made, they became capital contributions when they were canceled and stock of the subsidiaries issued therefor.

On the basis of the record before us, we think that considerable support could be found for respondent's first two arguments. We pass them, however, because his third argument presents a complete bar to petitioner's deduction of the canceled indebtedness on any of the theories it has advanced.

Assuming the advances to be loans when made, which petitioner expected to be fully repaid, and assuming also that the sums due were uncollectible when canceled, the petitioner's voluntary cancellation of the "debts" converted them into a capital contribution. *Commissioner* v. *Auto Strop Safety Razor Co.*, 74 F. 2d 226 (C. A. 2, 1934); *Johnson, Drake & Piper* v. *Helvering*, 69 F. 2d 151 (C. A. 8, 1934), certiorari denied 292 U. S. 650 (1934), affirming 27 B. T. A. 585 (1933); *United States* v. *Oregon-Washington R. & Nav. Co.*, 251 F. 211 (C. A. 2, 1918); *Estate of L. W. Mallory*, 27 B. T. A. 750 (1933); *Franklin Q. Brown, et al.*, 9 B. T. A. 965 (1927). Gratuitous forgiveness of a debt is no ground for a claim of worthlessness. *George F. Thompson*, 6 T. C. 285 (1946), affd. 161 F. 2d 185 (C. A. 2, 1947); *W. D. Haden Co.* v. *Commissioner*, 165 F. 2d 588 (C. A. 5, 1948); *W. F. Taylor Co.*, 38 B. T. A. 551 (1938).

The *Auto Strop Safety Razor Co.* case, of course, concerns the converse of the problem presented here, viz, the tax consequences of cancellation of indebtedness to the debtor. It is impossible for us to see, however, how the consequences to the debtor and the creditor can differ. In either instance it is the voluntary act of the creditor-stockholder which determines the character of the transaction.

The cancellation of the debt is not income to the debtor corporation; it increases the paid-in capital of the debtor and correspondingly increases the basis of the creditor-stockholder's shares. Loss, if any is eventually realized, occurs at the time such shares are sold or become totally worthless.

We are satisfied that the only purpose which motivated petitioner's voluntary cancellation of the indebtedness was the desire to secure additional loans from banks. Certainly every book entry was made, as well as actual stock certificates issued, to reflect the cancellation in every possible way as a voluntary contribution to capital.

Petitioner's owner, Louis Tenerelli, testified that the advances of money to both companies and the value of the machinery transferred were transactions which, when made, created debts and that petitioner always expected to be repaid in full. He also testified that petitioner was loath to cancel the "debts," but that he and its officers "went to the

# 1158

limit of our capacity in trying to save [Superior and Dutchess]" and that without such drastic action, all of the companies would have failed.

Be that as it may, it does not alter the fact that the voluntary cancellation by petitioner, no matter how reluctantly made, converted previous loans into additional capital investments by it in the 2 companies.

Our determination of the first issue raised in this proceeding makes unnecessary our consideration of the other two issues raised.

We granted petitioner's motion of May 25, 1954, to file an amendment to its second amended petition. Such amendment alleged that:

should the Court sustain the Commissioner by determining that there was no net operating loss in the year 1946 and that there was net income in 1946, then the Commissioner erred by failing to allow a net operating loss deduction in the year 1946 in the sum of $2,307.74, being the agreed amount of the net operating loss incurred by the petitioner in the year 1948.

Respondent denied such allegation. No evidence was offered by petitioner to substantiate a 1948 net operating loss carry-back, and no deduction therefor from 1946 income will be allowed.

*Decision will be entered for the respondent.*