## Chester, et al. v. Graves, et al.

### Same v. Same.

(Decided May 27, 1914.)

### Appeals from Jefferson Circuit Court (Common Pleas, Third Division).

1. Judgment—Nunc Pro Tunc—Adoption Proceedings—Judgment Rendered and Not Entered—Sufficient as Evidence.—Where in an adoption proceeding there is among the papers in the case a judgment containing the following notation: "Let the above order be entered and of effect from this date. The 12th day of December, 1908. (Signed) Matt O'Doherty, Judge," such paper is a sufficient quasi record to justify the court's action in entering judgment nunc pro tunc.

2. Judgment—Nunc Pro Tunc—Innocent Third Parties—Notice of Motion.—In a proceeding to have a judgment of adoption, not entered of record, entered nunc pro tunc, the heirs of the adopting parent do not fall within the rule that the entry of a judgment nunc pro tunc will not be allowed to injuriously affect the rights of innocent third parties.

3. Judgment—Nunc Pro Tunc—Jurisdiction—Failure of Petition to Designate Court—Effect.—Where the petition is actually filed in a certain court, and the parties to be affected are all before the court, and especially where infants are involved, whose rights are under the protection of the court, and the court is thus asked to act and does act, the mere failure to name the court in the petition will not render the judgment void, or prevent the entry of a judgment nunc pro tunc.

4. Adoption—Petition—Failure of Petition to State Residence of Plaintiffs—Effect on Judgment.—In an adoption proceeding the failure of the petition to state that the plaintiffs are residents of the county in which the proceeding is brought will not render the judgment void.

BENEDICT ELDER, R. C. ELDER for appellants.

EDWARDS, OGDEN & PEAK and NAT C. CURETON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

These two appeals involve the same questions, and will be considered in one opinion. They grow out of certain proceedings in the Jefferson Circuit Court, Common Pleas Branch, Third Division, whereby John C. Graves and Mary C. Graves, his wife, sought to adopt two infant children, Peach Ethel McGlothlin and Lida May McGlothlin, and involve the propriety of that court's action in entering *nunc pro tunc* two judgments purporting to have been rendered by that court several years before.

On Decembei 11, 1908, plaintiffs, John C. and Mary C. Graves, filed in the Jefferson Circuit Court, Common Pleas Branch, Third Division, the following petition and exhibit:

"In re John C. & Mary C. Graves, on petition to adopt the child Lida May McGlothlin, a minor six (6) years of age.

"NOW COME, John C. & Mary C. Graves and respectfully petition the Court to show Petitioners, being of full age and residents, citizens and inhabitants of the State of Kentucky, desires to adopt a minor child six (6) years of age by name Lida May McGlothlin, and in sex a girl, and which child is now the ward legally of the Kentucky Children's Home, a corporation under the laws of Kentucky, and said Society has all rights of custody and control and guardianship over said child and is le-

gally authorized and empowered to agree upon and consummate this adoption and the natural business and powers of said society, under the law, are arranging and perfecting the adoptions of children, such as exemplified in this case. That the written agreement and terms of the adoption of the said children between petitioners and said society are set forth in the paper exhibited herewith, and made a part hereof and marked 'Exhibit A.' In said written agreement said society fully and freely consents and agrees to the adoption of said child by petitioners. It is shown by petitioners that said child is destitute and helpless and without support or parental aid for the necessities or advantages of life and that it is necessary that said child be adopted by petitioners. Said child is not the child by blood of petitioners. Petitioners show that they are of sufficient ability, financially and otherwise, to nurture, protect and educate said child properly, and petitioners will do the same, and the adoption of said child is sought with such intention and understanding. It is sought by petitioners to adopt said child and establish and fix the name of said child as ——————, and to make said child the full and complete heir at law of petitioners and thereby give to said child all the characteristics, rights, benefits and advantages, in law and in fact, as a child by birth and blood, of petitioners. It is prayed that the court will pass an order allowing and fixing the adoption of said child by petitioners and that the order create said child the complete heir at law and lawful child of petitioners in a manner as binding as if said child were by birth and blood the child of petitioners. And other further or necessary term or terms of such order are prayed for."

"No. Exhibit 'A.'

"AGREEMENT OF ADOPTION.

"THIS AGREEMENT, made this 10th day of December, A. D. 1908, at Louisville, in the State of Ky., between the KENTUCKY CHILDREN'S HOME SOCIETY, party of the first part, and John C. Graves and Mrs. Mary C. Graves, party of the second part,

"WITNESSETH: That, in consideration of the surrender—which is hereby made—by said first party to said second party, of a certain female child, named Lida May McGlothlin, the second party, agrees to legally adopt

said child and rear, nurture, and support said child tenderly and affectionately, and give it a Christian education.

"AND IT IS FURTHER AGREED, That said child shall not be given away to any third party, neither before nor after adoption, without the written consent and approbation of the party of the first part.

"AND IT IS FINALLY AGREED, That if at any time hereafter said second party, or either of them, shall fail to legally adopt Lida May McGlothlin and to care for, support, nurture, or educate said child in the manner and time above agreed, all right of the second party to said child shall at once be at an end, and the first party may at once, at its option, retake her, with all her clothing, wherever she may be, whether in this or any other State or Nation.

"WITNESS the hands of the said parties the day and year first above written.

"KENTUCKY CHILDREN'S HOME SOCIETY.
"By R. W. BINGHAM,
"President.

"Approved by:
"GEORGE L. SEHON        JOHN C. GRAVES.
"State Superintendent.   MARY C. GRAVES."
"Attest:
"ELLA MAYER,
"Secretary."

Among the papers of the case is the following order:

"ADOPTION PAPERS.
"FINAL ORDER.
"JEFFERSON CIRCUIT COURT,
"No. 53498.        COMMON PLEAS BRANCH,
"3rd DIVISION.

"In re John C. Graves and Mary C. Graves, on petition to adopt the child, Lida May McGlothlin, a minor six (6) years of age.

"It appearing from the petition of John C. Graves and Mary C. Graves, residents, citizens, and inhabitants of the State of Kentucky, that they desire to adopt Lida May McGlothlin, a minor child not theirs by birth and six (6) years of age, the said child being under fourteen (14) years of age, and petitioner having produced the

written consent and contract of the Kentucky Children s Home Society to such adoption and the court being satisfied of the fitness and legality of such adoption and being satisfied that petitioners are of sufficient ability financially and otherwise to care for, bring up and educate said child properly, it is hereby ordered and declared that from this date said child, to all legal intents and purposes, be the child and complete heir-at-law of petitioners with all the relations  rights and benefits of such heir.

"The court on considering this matter privately examined Mary C. Graves, one of the petitioners and wife of John C. Graves, and John C. Graves, the other petitioner, and such examination was separate and apart from her said husband, and she, said wife, agreed and consented of her own free will and accord, without fear or coercion, to said adoption, and she so stated on said private examination of the court and the court is satisfied of the same.

"Let the above order be entered and of effect from this date.   The 12th day of December, 1908.
          "(Signed)   MATT O'DOHERTY, Judge."

The aforesaid judgment was never entered of record. Exactly the same proceedings were had in the case of Peach Ethel McGlothlin.   After the two judgments were directed to be entered by the court, the clerk furnished Mrs. Graves certified copies of same, and her husband paid the costs.   The children were then taken to Mrs. Graves' home, and were reared as their own children. In April, 1913, Mrs. Graves died.   It was then for the first time discovered that the two judgments of adoption had never been entered of record.   Thereupon supplemental petitions were filed by Mr. Graves and each of the two infant children, by their statutory guardian.   In each case Maggie Chester and others, the legal heirs of Mrs. Graves, were made parties defendant.   The supplemental petitions set out the institution of the two actions, the hearing by the court, the facts that judgments were rendered, and that the court in writing directed the judgments to be entered of record.   They also set out the failure of the clerk in each instance to record the judgment.   Accompanying the supplemental petition are affidavits of the attorney who brought the proceedings, the Honorable Matt O'Doherty, the then presiding judge, and of the clerk of the court, to the effect that the two

judgments purporting to be rendered were, as a matter of fact, rendered, and by mistake or oversight of the clerk, were not entered of record. The petitions then asked that the two judgments· be entered *nunc pro tunc.* The heirs of Mrs. Graves were notified of the hearing. They introduced no evidence, but relied entirely on the insufficiency of the evidence offered by plaintiffs in the supplemental petition. The court directed that the two judgments be entered *nunc pro tunc.* The heirs of Mrs. Graves appeal.

From the earliest times courts of law and equity have possessed and exercised the power of making entries of judgments and decrees *nunc pro tunc* in cases where such entries are necessary to prevent injustice to suitors. Mohun's Case, 6 Mod., 59; Mayor of Norwick v. Berry, 4 Burr, 2277; Freeman on Judgments, section 56. Such power does not depend upon any statute, but it is inherent in the courts. Mitchell v. Overman, 103, U. S., 62. The power is exercised not 'for the purpose of enabling the court to correct judicial errors, but to supply matters of evidence. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy these errors or omissions by ordering the entry *nunc pro tunc* of a proper judgment. Freeman on Judgments, section 68; Gray v. Brignardello, 1 Wall., 627; Smith v. Hood, 25 Pa. St., 218, 64 Am. Dec., 692. One of the classes of cases in which judgments may be entered *nunc pro tunc* is where the former judgment has been pronounced by the court, but not entered of record by reason of some accident or mistake, or through the neglect or omission or misprision of the clerk. In such a case the court rendering the judgment has the power to order the judgment so rendered to be entered *nunc pro tunc,* provided there be satisfactory evidence, not only of the rendition, but of the terms of the judgment. Freeman on Judgments, section 61; Whorley v. Memphis, &c., R. Co., 72 Ala., 20; Shephard v. Brenton, 20 Iowa, 41. While there is an entire unanimity on the question of power, there is great diversity of opinion among the courts as to the character of evidence sufficient to authorize a *nunc pro tunc* entry of a judgment. A number of the courts hold that it seems more consonant with the purpose for which the power of making entries *nunc pro tunc* is exercised, and with the reasons in-

volved, that in determining that question of fact, the court should resort to all sources of information that are competent under the general rules, including the oral testimony of witnesses who have personal knowledge upon the subject. This view of the case is based on the idea that the proceeding presupposes the absence of a record upon the subject, and the court should receive the best evidence of which the case admits. Jacks v. Adamson, 56 Ohio St., 397, 60 Am. St. R., 749; Brownlee v. Board of Commissioners, 101 Ind., 401; Rugg v. Parker, 7 Gray, 173; Frink v. Frink, 43 N. H., 508, 80 Am. Dec., 189; Weed v. Weed, 25 Conn., 337; Bobo v. State, 40 Ark., 224; Gonzales v. State, 35 Tex. Crim. R., 339, 60 Am. S. R., 51. On the other hand, a number of the courts adhere firmly to the rule that a *nunc pro tunc* entry can only be made upon showing some entry or memorandum on or among the records or quasi records of the court, and that parol evidence of the rendition of the judgment and of its terms cannot be received. Metcalf v. Metcalf, 19 Ala., 319, 54 Am. Dec., 190; Saxton v. Smith, 50 Mo., 490; Swain v. Naglee, 19 Cal., 127; Adams v. Requa, 22 Fla., 250, 1 Am. St. R., 191; Coughran v. Gutchens, 18 Ill., 390. The same view is taken by this court. Raymond v. Smith, 1 Metc., 65, 71 Am. Dec., 458; Montgomery v. Beers, 130 Ky., 690; Rawles, et al. v. Sharp's Admr., et al., 140 Ky., 744. In Missouri, where the rule of excluding parol evidence is strictly adhered to, not only notations on the judge's docket or on the clerk's minute book, but the papers and files in the cause, are admissible in evidence. Gamble v. Daugherty, 71 Mo., 599; Missouri, &c., Ry., Co. v. Holschlag, 144 Mo., 253, 66 Am. St. R., 417. In Alabama, where the same strictness is required, the written opinion of the judge when such opinion is required by law, filed among the papers in the case is sufficient to authorize the entry of a judgment *nunc pro tunc*. State v. Mayor of Mobile, 24 Ala., 701. In each of these cases the adoption papers were regularly filed. In the papers of each case is a full and complete judgment, with a notation thereon, "Let the above order be entered and of effect from this date. The 12th day of December, 1908." Immediately beneath this notation is the signature of the judge then in office. It is the practice in the courts of Jefferson County for the court to endorse its approval on a judgment and to direct that it be entered. Disregarding entirely, there-

fore, all the parol evidence heard by the court below, we conclude that the judgment directed to be entered by the court is a sufficient quasi record to justify the court's action in entering the judgments *nunc pro tunc.*

While it is the rule that the entry of a judgment *nunc pro tunc* will not be allowed to injuriously affect the rights of innocent third parties, who acquired rights without notice of the rendition of the judgment (Freeman on Judgments, Sec. 66; Graham v. Lynn, 4 B. Mon., 18, 39 Am. Dec., 493) that principle has no application to the facts of this case. The appellants were given due notice of the motion, and are not innocent third parties within the meaning of the rule. They are mere heirs of Mrs. Graves, and are entitled to inherit her property only in the event that the two infants were not properly adopted by her.

But it is insisted that the original petitions in this case are void because they fail to set out the name of the court to which application was made. In this connection it is insisted that unless the jurisdiction of the court was invoked in some proper way the court, of course, was without jurisdiction to act. We are also cited to some cases holding a default judgment void because the original petition was not entitled in any court. Bevington v. Buck, 18 Ind., 116; Teal v. Hinney, 2 How. Pr., 94. We are not, however, disposed to take such a narrow view of the question. Where the petition is actually filed in a certain court, and the parties to be affected are all before the court and especially where infants are involved, whose rights are under the protection of the court, and the court is thus asked to act, and does act, the mere failure to name the court in the petition will not render the judgment void, or prevent the entry of a judgment *nunc pro tunc.*

We also conclude that the failure of the petition to state that the plaintiffs in the adoption proceedings were resident in Jefferson county did not render the judgment void.

The judgment in each case is affirmed.