### Hundley v. Hundley.

January 17, 1947.

Dodd & Dodd for appellant.

Charles E. Keller for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellant and appellee were married on the 23d day of August 1934. The appellee had formerly been the wife of Joseph C. Carrico. In August 1933, in an action styled Maud Carrico v. Joseph C. Carrico, the appellee, then Maud Carrico, obtained a divorce from her husband. On August 19, 1933, the following memorandum was placed on the wrapper of the file of the above action: "Judgt. in accordance Commr. Rept. Hancock, J." Thereafter, the Clerk entered in Judgment Book 70, pages 564 and 565 a judgment in the action. The Clerk of the court stamped on the wrapper, or file, the following:

"Ent. Judgt. Book No. 70
Page 564. Attest Aug. 1933
Louis Vissman, Clerk
By K. McFarlan, (Signed)
Deputy Clerk."

On the same date, the Clerk gave to the appellee an attested copy of the judgment. These steps occurred during vacation, and through some oversight a number of pages of both the order book and judgment book, including the entries in the Carrico case, were left unsigned when the judges returned from their vacations.

After having lived together as man and wife for a period of about 12 years, the appellant, Hundley, learned the judgment book was unsigned. Whereupon, he filed his petition asking for a declaration as to his marital status, and further prayed that his marriage with the defendant, appellee here, be declared void.

Upon learning of the status of the records, on the 25th day of September 1946 the appellee and her former husband, Joseph C. Carrico, moved Judge W. Scott Miller of the Jefferson Circuit Court to sign nunc pro tunc the orders and judgment pertaining to their divorce effective as of August 19, 1933. Notice of this motion was given the appellant. The court sustained the motion. The above facts were then set forth by amended

petitions. Appellee filed her answer. The court then entered judgment declaring John B. Hundley and Maud F. Carrico Hundley to be lawfully married. The plaintiff appeals.

Appellant insists the court erred in declaring that the appellant and appellee are husband and wife and urges a reversal based upon four propositions, namely: 1. An unsigned judgment is no judgment. 2. A marriage ceremony performed when a woman has a living husband from whom she is not divorced is utterly void. 3. A marriage void when performed is always void and cannot be validated by the subsequent procural of a valid divorce. 4. A marriage ceremony performed in the face of the statute against bigamous marriages is void when made and is always void, and may not be validated by the subsequent procural of a valid divorce, or by the entry of a nunc pro tunc order.

In support of proposition 1 above, he argues that in order to give validity to the judgment it must have been entered on the order book and signed by the Judge. He cites a number of cases in support of this contention. At first blush it might appear that the contention of the appellant is sound, especially so if the statements referred to in the cases cited are taken out separately and read without any relation to the context of the opinion or the actual ruling in each case. More will be said about this later. It follows, then, that if the appellant is correct in proposition 1, then 2, 3, and 4 must stand. It is obvious that if there was no judgment of divorce, and the appellee was lawfully married to Carrico at the time of her marriage to the appellant, then the second, third, and fourth propositions as laid down by the appellant would be correct and would of necessity prevail. On the other hand, if the judgment was a valid judgment, and the appellee was divorced from her former husband, then the finding of the court below was correct and the propositions as laid down by the appellant must fail.

It will be noted that a nunc pro tunc order was entered and the judgment signed making effective the Carrico judgment from the time that it should have been signed by the Judge. This leads us then directly to the force and effect of the signing of a judgment nunc pro

tunc. We have numerous cases in this jurisdiction setting out more or less fully the effect of the entry of a nunc pro tunc judgment, chiefly among which are Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915 D, 678; Rogers v. Bigstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; and Lawrence v. First State Bank of Dry Ridge, 279 Ky. 775, 132 S. W. 2d 60.

In the first cited case above, the writer of the opinion made an historical analysis of nunc pro tunc orders and showed clearly that the record is not the judicial act but is only historical, and was a method of protecting the court's own judgments. The cases cited above, and numerous other cases following later which approve the decisions in the cited cases above, point out clearly the fact that the entering, recording, or signing the judgments are mere ministerial acts separate from the judicial act rendering the judgment. The judicial act is the rendering of the judgment. The recording of and signing the judgment is the ministerial act. Upon the showing of sufficient evidence these judgments can be entered and signed nunc pro tunc, and when so entered and signed, perfects the judgment as of the date it was rendered. It is noticeable in the cases cited by the appellant that there was lack of judicial acts in rendering the judgments which were the subjects of discussion. In one of the cases cited the pretended divorcee had abandoned her divorce suit. In another the cause of action had been dismissed. In no one of them was there a basis in the record for a nunc pro tunc entry of judgment. In the instant case the Judge had signed a statement on the wrapper of the file as set out above. The Clerk had entered that judgment and had furnished the appellee with a copy attest of that judgment. This certainly constituted a sufficient foundation for a judgment nunc pro tunc. The court had acted judicially and the failure was in the ministerial act. In cases too numerous to mention here, we have held that such judgments can be entered nunc pro tunc and will be respected and enforced to the same extent as if entered on the date rendered.

Appellant argues that the rights of a third party have intervened. This does not impress us. On the contrary, failure to consummate the judgment would result

662

in injustice arising from an act or omission of the court. See Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915 D, 678; Benton v. King, 199 Ky. 307, 250 S. W. 1002; and Central State Hospital v. Foley, 171 Ky. 616, 188 S. W. 752.

We conclude, therefore, that the court correctly declared the marital status of the parties herein.

Judgment affirmed.