**William RICE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 11, 1971.

Rehearing Denied Dec. 3, 1971.

Michael R. Rowady, Winchester, William H. McCann, Brown, Sledd & McCann, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

William Rice was indicted for murder but was convicted of voluntary manslaughter. His punishment was fixed at fifteen years in the state penitentiary. He appeals. We affirm.

The appellant operated a combination poolroom and restaurant on North Main Street in Winchester, Kentucky, where he shot and killed Raymond Watts on February 10, 1969, at approximately 7:50 p. m. There was evidence of prior controversies between appellant and Watts. The appellant testified that Watts had tried to kill him in 1956 and that Watts had attacked him with a knife two months prior to the fatal shooting. Appellant also testified that Watts had threatened his life only thirty or forty minutes before the incident. He further testified that he was afraid of Watts and was convinced that Watts was going to kill him. There was evidence that immediately before the shooting the appellant was nervous and gave every appearance of being scared of Watts. The appellant had been warned that he should leave his place of business as Watts was present and could cause him serious trouble. There was no evidence of a sudden affray. Appellant claimed self-defense.

The trial court instructed the jury on murder, voluntary manslaughter, and self-defense. The appellant contends that the court erred in giving an instruction on voluntary manslaughter, alleging that there

was no evidence of a sudden affray or that the killing resulted from sudden heat and passion. The appellant contends that he should have either been found guilty of murder or acquitted.

■ The offense of voluntary manslaughter is "the unlawful, willful, and felonious killing, without previous malice, of another, in a sudden affray or in sudden heat and passion, not in the necessary or apparently necessary self-defense of the slayer." Commonwealth v. Mosser, 133 Ky. 609, 118 S.W. 915. See Roberson's New Kentucky Criminal Law and Procedure, 2d Edition, Section 372, page 495.

While there was no evidence in the instant case of a sudden affray immediately before the killing, there was evidence that the appellant was fearful of his life and extremely nervous and apprehensive in the presence of the decedent. We believe that the claimed fear and apprehension of the appellant when he came face to face with the decedent were tantamount to and could be translated into sudden heat and passion. See Hocker v. Commonwealth, 33 Ky.Law Rep. 944, 111 S.W. 676, 40 Am.Jur.2d Homicide, Section 57, page 351.

In Lee v. Commonwealth, Ky., 329 S.W. 2d 57, we said:

"In a criminal case, it is the duty of the court to prepare and give instructions on the whole law. This general rule requires instructions applicable to every state of case covered by the indictment and deducible from or supported to any extent by the testimony. Stanley's Instructions to Juries, Volume 3, Section 760, page 4, and cited cases. The propriety of giving a manslaughter instruction is controlled by a determination of whether there is any evidence to show that the killing may have been done without previous malice and in sudden heat and passion or in sudden affray upon provocation ordinarily calculated to excite the passions beyond control. This is true regardless of whether the defendant seeks the manslaughter instruction or the court gives it as a part of the whole law.

"The trial court in arriving at a decision on whether to give the manslaughter instruction must consider the circumstances proved. Where there is no room for any possible theory except that the defendant is guilty of murder or is innocent, there is no reason to give a manslaughter instruction. Davenport v. Commonwealth, 285 Ky. 628, 148 S.W.2d 1054; Canada v. Commonwealth, 281 Ky. 641, 136 S.W.2d 1061. The converse is also true. If a reasonable inference may be drawn by the jury from the evidence, an instruction must be given for the guidance of its members. * * *"

■ Based on the totality of the evidence, the trial court committed no error in giving the voluntary manslaughter instruction as there was sufficient evidence to support the jury's finding that the appellant was guilty of a lesser offense than murder. Had the court not given the instruction on voluntary manslaughter under all the evidence and circumstances proved, such action could have been prejudicial and reversible error.

■ Appellant contends that the trial court abused its discretion in sustaining the Commonwealth's objection to appellant's questions directed to witnesses. The appellant cites several examples wherein he claims the court exceeded its discretion. Appellant presents no authority to support the claimed errors and thus would have us speculate as to grounds of error in the trial judge's rulings. The appellant has not persuaded us that the trial court erred in sustaining the objections.

The judgment is affirmed.

All concur.