Thomas R. PAYNE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

April 1, 1980.

Terry W. Holloway, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Michael R. Beiting, Asst. Atty. Gen., Frankfort, Paul W. Richwalsky, Jr., Louisville, for appellee.

CLAYTON, Justice.

Thomas R. Payne was indicted for rape and detaining a female by the Jefferson County Grand Jury on May 24, 1972 (Indictment I—No. 147073). At the time Indictment I was returned, Payne was incarcerated in Atlanta, Georgia, for separate criminal offenses in that state and was subsequently tried, convicted, and sentenced to prison. In March of 1977, Kentucky accepted temporary custody of Payne from the Georgia State Prison for purposes of prosecution. The following May, Payne was again indicted and charged with two more counts of detaining a female, relating to offenses committed in August and September of 1971 (Indictment II—159090). On motion by the Commonwealth, the two indictments were consolidated for trial, and on September 8, 1977, the jury returned a verdict of guilty. (The second count of detaining a female in Indictment I was dismissed.) Payne was sentenced to life imprisonment for rape and to five years each for both counts of detaining a female, the sentences to run concurrently. The appellant now seeks reversal on appeal.

I

The appellant argues that he was denied his right to a speedy trial under the Sixth and Fourteenth Amendments of the United States Constitution of the charges in Indictment I. We disagree. Subsequent to the return of Indictment I, Payne was imprisoned in Georgia. During his confinement Payne made no demand, until February 1977, for disposition of the charges in that indictment, despite the fact that knowledge of such charges by Payne appears to be conclusive. Furthermore, under the Interstate Agreement on Detainers, adopted by both Kentucky and Georgia, Payne had the right to compel expeditious action on the outstanding charges. Appellant's failure to act in this case is not dispositive, but it is certainly a persuasive factor for the court to consider in reviewing appellant's claim. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and McDonald v. Commonwealth, Ky., 569 S.W.2d 134 (1978).

II

Appellant also argues that Indictment II should have been dismissed as a denial of due process (preindictment delay) and as a denial of a speedy trial. The speedy trial argument is totally without merit since the time lapse between indictment and trial was less than four months. As to the due process claim, the appellant has failed to demonstrate any actual prejudice to him or to his defense as a result of

the delay between the time the acts were committed and the time Indictment II was returned. *See United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Therefore, we find this argument meritless as well.

### III

■ Finally, appellant argues that it was improper for the trial court to consolidate all counts of the two indictments for trial. If ever a case warranted consolidation, this is such a case. The language of RCr 6.18 is clear: "Two (2) or more offenses may be charged in . . . the same indictment . . . if the offenses are of the same or similar character." Applying this rule in conjunction with RCr 9.12, which states that "The court may order two (2) or more indictments to be tried together if the offenses . . . could have been joined in a single indictment . . . ," we hold that consolidation was proper under these facts.

Accordingly, and for the reasons stated herein, the judgments of the Jefferson Circuit Court are affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON, and STERNBERG, JJ., sitting.

All concur.