**Theo BROCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1981.

Discretionary Review Denied Feb. 9, 1982.

Jack Emory Farley, Public Advocate, Mark A. Posnansky, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, McDONALD, and WINTERSHEIMER, JJ.

HOWERTON, Judge.

Brock appeals from a judgment and sentence of ten years for the offense of robbery in the first degree. He presents five allegations of error.

I. The trial court committed prejudicial error and violated due process by refusing to suppress Geneva Hinkle's in-court identification of appellant.

II. The trial court should have directed a verdict of acquittal since there was no corroboration of the accomplice testimony.

III. Appellant was denied his right to effective assistance of counsel in view of trial defense counsel's conflicting interest in representing appellant's co-indictee.

a. Trial counsel was faced with an actual conflict of interest which adversely affected his representation of appellant.

b. The waiver which appears in the record must be regarded as null and void.

IV. The appellant was severely prejudiced and denied a fair trial by evidence that his coindictee had plead guilty to the charged offense.

V. The trial court erred and denied appellant due process of law by refusing to instruct the jury on eye witness identification.

We find no reversible error due to the in-court identification of Brock by Geneva Hinkle. In reviewing the totality of the circumstances, we conclude that the in-court identification was reliable, in spite of the fact that the witness had recently been exposed to photographic identification of Brock. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *See also, Moore v. Commonwealth*, Ky., 569 S.W.2d 150 (1978).

Hinkle gave a description of the robbers to the police on the night of the occurrence. The time between the robbery and the trial was only five months. There could and should have been an identification of the accused by the witness prior to the day of the trial, but it seems clear that the witness was able to properly recognize Brock. The trial judge did suppress the photographic identification until Brock's counsel began questioning on the issue.

Having determined that the testimony of the eye witness was credible and admissible, there was ample evidence to corroborate the testimony of the accomplice, Cornett. RCr 9.62. The testimony of Geneva Hinkle was sufficient to corroborate Cornett's testimony in that it connected Brock with the commission of the offense. *Deskins v. Commonwealth*, Ky., 512 S.W.2d 520 (1974).

Brock's allegation of error in that the trial court refused to give his tendered instruction on eye witness identification is without merit. Such an instruction is not required in Kentucky. *Jones v. Commonwealth*, Ky.App., 556 S.W.2d 918 (1977).

Two issues do trouble this Court, although neither were technically preserved for review. They involve the dual representation of the co-indictees, Cornett and

Brock, and the admission of the evidence of Cornett's guilty plea.

■ A conflict of interest between co-defendants or co-indictees represented by the same counsel sometimes requires reversal. *Maynard v. Commonwealth*, Ky., 507 S.W.2d 143 (1974), and *Maye v. Commonwealth*, Ky., 386 S.W.2d 731 (1965). RCr 8.30 prohibits such dual representation unless the defendant executes a waiver indicating that the possibility and problems of conflicts of interest have been explained to him by the court and that he nevertheless desires to be represented by the same attorney. *See also, Trulock v. Commonwealth*, Ky.App., 620 S.W.2d 329 (1981).

■ The required statement is in the record, and we are disposed to rely on it, although we have no record of the actual colloquy between the trial judge and Brock. An accused must be able to waive the problem of dual representation, provided he does so knowingly and nevertheless desires to be represented by a particular attorney. But, trial courts should all but insist on separate counsel, especially where counsel is appointed. *Mishler v. Commonwealth*, Ky., 556 S.W.2d 676 (1977).

■ Brock's appellate counsel argues that actual conflicts arose during the trial which were very prejudicial. However, we find nothing so manifestly unjust to prompt us to reverse the judgment. After all, Brock did acknowledge that he understood the possibility of problems from dual representation, but nevertheless requested that John Golden act as his attorney. He waived any objection to Golden's representing both parties. If we took all waivers lightly, we would open the flood gate for reversals.

■ We have no knowledge of what, if any, influence the trial counsel had on Brock's decision. It is the trial judge's responsibility to inform and guide the defendant in his decision regarding dual representation, however. Due to the scope and magnitude of this problem, trial judges would be well advised to record their colloquys with a defendant regarding the requirements of RCr 8.30 just as their comments, questions, and answers are recorded in accepting a guilty plea.

■ The admission of evidence of a guilty plea by a co-indictee is highly prejudicial and may be reversible. *Parido v. Commonwealth*, Ky., 547 S.W.2d 125 (1977). Again, however, there was no objection by Brock's trial counsel. Brock's appellate counsel now argues that the failure to object was due to the dual representation. We cannot agree.

The failure to object appears to be due to trial strategy. Cornett was called by the prosecution as its witness. On cross-examination, Brock's trial counsel attempted to establish that Brock was actually being framed. He questioned Cornett in detail about the sentence he had received through plea bargaining.

For the foregoing reasons, the judgment is affirmed.

All concur.