**424**

William P. EVANS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 16, 1986.

J. David Niehaus, Louisville, for appellant.

David Armstrong, Atty. Gen., David W. Mossbrook, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

William Patrick Evans was convicted of first-degree rape, first-degree sodomy and first-degree persistent felony offender status and was sentenced to life imprisonment.

Appellant claims that the trial court erred when it refused to give his proposed "eye witness identification instruction." For the reasons that follow, we affirm.

■ Appellant argues that this issue is preserved for appellate review by the tender of the requested instruction and the argument in its behalf. This, however, is not sufficient. Any party may tender instructions, but no party may assign as error the failure to give an instruction unless he makes specific objection to the failure to give the instruction before the court instructs the jury, stating specifically the matter to which he objects and the ground or grounds of his objections. RCr 9.54(2).

■ Even if appellant had properly preserved the allegation of error, his argument is without merit. An instruction on eyewitness identification is not required in Kentucky. *Brock v. Commonwealth,* Ky. App., 627 S.W.2d 42 (1981), *Jones v. Commonwealth,* Ky.App., 556 S.W.2d 918 (1977). Such an instruction would give undue emphasis to a particular aspect of the evidence. The substance of the requested instruction was encompassed by the reasonable doubt instruction given by the trial court.

For the above stated reasons, the judgment of the Jefferson Circuit Court is affirmed.

All concur.