Robert **REED**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

No. 86–SC–636–MR.

Supreme Court of Kentucky.

Oct. 15, 1987.

Richard M. Rawdon, Jr., Rawdon & Brady, Georgetown, for appellant.

David L. Armstrong, Atty. Gen., Daniel E. Cohen, Asst. Atty. Gen., Frankfort, for appellee.

LAMBERT, Justice.

Appellant was convicted of one count of rape in the first degree and sentenced to a term of twenty years in the penitentiary. He appeals to this Court as a matter of right claiming prejudicial error in the eight-year delay between the occurrence of the crime and formal charging. He also contends that the trial court erred to his prejudice in permitting a social worker to testify from departmental records, and claims prejudicial error in the failure of the trial court to give an instruction on sexual abuse in the second degree.

In 1985, appellant was indicted for five counts of rape in the first degree. The indictment charged that upon five occasions in 1977,[*] he engaged in sexual intercourse with his niece, B.R.C., a female less than fourteen years of age, by forcible compulsion. Appellant denied any sexual contact with the child, but she testified positively that appellant had raped her five times.

Appellant contends that he was prejudiced by a delay of eight years in bringing the charges against him and that the trial court erred in refusing to dismiss the indictment. He contends that because of the delay, it was impossible for him to remember where he was on each of nearly two hundred dates designated in the bill of particulars upon which the crimes may have occurred, and impossible for him to locate witnesses who might provide an alibi. He

---

[*] The indictment was amended at trial to include one occasion in 1978.

does not point to any specific evidence which may have been lost, but argues generally that it was unfair to subject him to prosecution after the passage of so much time.

■ The crimes charged were felonies and there is no statute which bars prosecution. Indeed, KRS 500.050(1) is to the contrary. A legislative determination has been made that felony charges may be brought at any time; that the interest of the Commonwealth in the prosecution of crime outweighs the benefits normally associated with statutes of limitation; and that there is no right to be free of felony prosecution by the mere passage of time. As such, we may not declare a statute of limitation in the face of a legislative enactment to the contrary.

■ Moreover, there was no violation of the speedy trial clause of the Sixth Amendment to the Constitution of the United States. The significant delay which occurred was prior to arrest, indictment or the bringing of any formal charge. In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the Supreme Court held that an individual is not entitled to the speedy trial protections of the Sixth Amendment until formal proceedings are instituted.

■ Notwithstanding the foregoing, in a proper case, unjustified and prejudicial delay may constitute a due process violation which requires dismissal. This proposition was established in *United States v. Marion, supra*, but the Court held that in the absence of "substantial prejudice" and "intentional delay to gain tactical advantage," no due process violation would be found. See also *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In *Payne v. Commonwealth*, Ky., 597 S.W. 2d 147 (1980), this Court held that a showing of actual prejudice was required to constitute a due process violation.

In the case at bar, there was evidence that a social worker and the Frankfort police were informed of the crimes shortly after their occurrence. There is no evidence that a police investigation followed immediately and the reason appears to be, in part, the age of the child and the lack of co-operation from her family. There was also evidence that the Department for Human Resources rarely brought the police into its investigations. While the social worker and the Frankfort police may have been negligent, there is no indication that the Commonwealth was guilty of intentional delay to gain tactical advantage.

■ Likewise, appellant has failed to demonstrate actual prejudice. He has generally asserted that the delay prevented the discovery of alibi witnesses, but has shown nothing more. The mere possibility that some evidence which was unavailable at trial would have been available at an earlier time is insufficient. *United States v. Jones*, 524 F.2d 834 (D.C.Cir.1975). Appellant was accused of having raped B.R.C. five times within a period of approximately two hundred days. Not a single date was identified as a date upon which any one of the crimes occurred. For alibi testimony to have significantly aided appellant's defense, witnesses would have been necessary to account for his whereabouts at all or substantially all times during this period. The possibility that any person could produce such evidence is remote.

On the issue of delay, the trial court correctly overruled appellant's motion to dismiss.

■ Next, we consider appellant's claim that the trial court erred in admitting a portion of the testimony of William C. Barrett, a social services supervisor for the Department for Human Resources. During its case in chief, the Commonwealth called Mr. Barrett and he was permitted to testify from a written conference report compiled by the Department for Human Resources in 1978 that B.R.C. told her social worker, Jim Pierce, that "her uncle had sexually abused her in the home on two occasions."

The Commonwealth contends that this issue is unpreserved for our review, but we believe otherwise. Appellant's objection was stated as follows:

She (B.R.C.) has already said that (the crimes were reported) under oath and we don't disagree but to allow him (Mr. Barrett) now to come in and state who she told and when, there is no purpose for that. He is trying to reinforce her testimony.

The trial court overruled this objection. While the word "hearsay" was not used, we believe appellant sufficiently informed the court of his objection and the grounds therefor. RCr 9.22.

The above quoted portion of Mr. Barrett's testimony was hearsay and the trial court erred in failing to sustain appellant's objection. The statement was made out of court and we have been unable to ascertain any relevancy in this statement at the time it was offered in evidence other than to prove the truth of the matter asserted. *Davis v. Bennett's Adm'r.*, 279 Ky. 779, 132 S.W.2d 334 (1939). See also Lawson, *The Kentucky Evidence Law Handbook*, Second Edition, § 8.00, p. 198. It was just what appellant said it was, an attempt to bolster the testimony B.R.C. had just given.

■ The Commonwealth points out that when a witness's credibility has been attacked by charges of recent fabrication, rebuttal evidence may be introduced to show that the witness made a consistent statement at a time when there was no motive to fabricate. *Eubank v. Commonwealth*, 210 Ky. 150, 275 S.W. 630 (1925). We agree with this contention, but it does not fit the facts of this case. During cross-examination of B.R.C., there was no attack upon her credibility nor was there any accusation that she had recently fabricated the charges. Cross-examination dealt with her recollection of dates, places, specific details of the crimes, and whether she had previously given inconsistent testimony. During cross-examination B.R.C. was not accused of recent fabrication or any fabrication. Her cross-examination provided no justification for the admission of Barrett's hearsay testimony.

■ Nevertheless, our review of the Barrett testimony must go further. After the Commonwealth had concluded and during the defense case in chief, appellant testified on his own behalf. He accused B.R.C. of fabricating the charges against him because of a family quarrel. Throughout his testimony, he accused her of lying. The question we must answer, therefore, is whether the subsequent attack upon B.R.C.'s credibility cured the trial court's error in initially admitting the Barrett testimony. In *Summitt v. Commonwealth*, Ky., 550 S.W.2d 548 (1977), this Court addressed a similar problem. The first witness to testify for the Commonwealth was a police officer. He was permitted to testify as to the victim's description of the assailant before she looked at "mug shots." When defense counsel objected, the trial court simply answered, "She is going to testify." On appeal, this Court held that the police officer's testimony was hearsay and inadmissible when given. We noted, however, that the focus of the trial was on the reliability of identification and that an attack upon the accuracy of the identification was inevitable. We said at p. 550:

Once that attack was made through cross-examination, evidence that she had accurately described him before she saw the photograph was competent for corroborative purposes. (Citations omitted.) So, while the detective should not have been allowed to give the details of what Donna said to him during their first interview until after she had appeared as a witness and had been cross-examined, the error was erased by subsequent legitimation of the incompetent testimony.

We believe *Summitt* is dispositive. If the Commonwealth had waited until rebuttal, evidence that B.R.C. had reported the crimes to her social worker shortly after their occurrence would have been admissible to rebut appellant's charge of recent fabrication. As it turned out, the proper order was reversed, but we are unable to see that this was prejudicial.

Finally, appellant claims prejudicial error in the trial court's failure to give an instruction on sexual abuse in the second degree. KRS 510.120. The Commonwealth argues lack of preservation and we

will address this contention prior to reaching the merits of this issue.

■ At the close of all the evidence, a conference took place between the court and counsel in which instructions were discussed. At the conference, counsel for appellant stated:

> [I]n light of the testimony from Mr. Barrett, we are entitled to a sexual abuse instruction in the second degree and that as I understand the law from reading it says is
>
>> [W]hen a person subjects another person to a sexual contact who is incapable of consent because he is mentally defective or mentally incapacitated or subjects a person less than 14 years old to sexual contact.
>
> The first has been introduced and we are entitled to that additional instruction.

The court then asked whether appellant's counsel had an instruction to tender and he answered no, but requested an opportunity to dictate the instruction he desired. In ruling on this request, the court merely said, "The answer is that you do not have instructions to tender." Appellant's counsel then explained that only a few hours earlier, with the admission of Mr. Barrett's testimony, had he become aware of the possibility of such evidence.

RCr 9.54(2) does not require the tender of instructions in these circumstances. Indeed, the tender of instructions, standing alone, is insufficient to preserve the error. *Evans v. Commonwealth*, Ky., 702 S.W.2d 424 (1986). A party may preserve an error in the giving or failure to give an instruction by "stating specifically the matter to which he objects and the ground or grounds of his objection." RCr 9.54(2). We believe appellant met this standard. His request for an instruction on sexual abuse in the second degree was made directly to the trial court and is perfectly clear. He specifically informed the court of his belief that he was "entitled" to such an instruction and the trial court made its ruling.

■ On the merits of this issue we reiterate that appellant denied any sexual contact with B.R.C., but she testified positively that he raped her on five occasions. Ordinarily, such evidence would not suggest the need for an instruction on any lesser included offense. *Neal v. Commonwealth*, Ky., 303 S.W.2d 903 (1957). In this case, however, there was other evidence from which the jury might have concluded that appellant was guilty of the lesser offense of sexual abuse in the second degree. In addition to testifying for the Commonwealth during its case in chief, Mr. Barrett was called by the defense to give additional testimony. He repeated that B.R.C. had given a statement to her social worker as well as the city police that her uncle had "sexually abused" her. He also read from another report made by the social worker in which he said she made "allegations of two incidents of sexual molestation by her uncle who was living in the home." When asked whether the social worker's use of the terms "sexual abuse" and "sexual molestation" would include intercourse, Mr. Barrett said:

> Social workers primarily use sexual molestation in speaking of fondling of genital areas.
>
> . . . .
>
> Normally we would not use sexual molestation to include sexual intercourse.

When asked what term would be used, he said:

> Sexual intercourse depending upon what actually in fact happened. However, the more severe the sexual interaction the more specifically the field worker would describe the terms.

Our law requires the court to give instructions "applicable to every state of case covered by the indictment and deducible from or supported to any extent by the testimony." *Lee v. Commonwealth*, Ky., 329 S.W.2d 57, 60 (1959). It is irrelevant that the evidence from the parties does not indicate the need for a particular instruction. The determination of what issues to submit to the jury should be made based upon the totality of the evidence. *Rice v. Commonwealth*, Ky., 472 S.W.2d 512 (1971). And, as we said in *Trimble v.*

*Commonwealth*, Ky., 447 S.W.2d 348, 350 (1969):

> When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi.

See also *Harris v. Commonwealth*, Ky., 389 S.W.2d 907 (1965), and *Martin v. Commonwealth*, Ky., 571 S.W.2d 613 (1978).

While there was substantial evidence that appellant committed the crime of rape, there was other evidence from which the jury could have reasonably concluded that he committed a lesser offense. Failure of the trial court to properly instruct the jury was prejudicial (*Brown v. Commonwealth*, Ky., 555 S.W.2d 252 (1977)), and for this reason, the judgment is reversed and this cause remanded for a new trial.

STEPHENS, C.J., and GANT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion in which STEPHENSON, J., joins.

WINTERSHEIMER, Justice.

I respectfully dissent from the majority opinion because the evidence is such that a reasonable juror could not doubt that the defendant is guilty of the crime of rape and consequently a lesser-included offense instruction was not necessary.

The complaint that the instruction on second-degree sexual assault should have been given was not properly preserved for appellate review. The defendant made a brief reference to the fact that he desired such an instruction but failed to make a specific objection to the absence of such an instruction and did not state the matter on which he objected. An instruction on a lesser-included offense should not be given unless the evidence is such that a reasonable juror could doubt the guilt of the offense charged but could conclude that he is guilty of the lesser-included offense. My review of the evidence indicates that it could not be reasonably believed that the defendant was guilty of anything other than the forcible compulsion necessary for rape.

The mere fact that members of the CHR confused the nonlegal generic terms of sexual abuse and sexual molestation was not a sufficient basis for a sexual abuse instruction because it was not justified by all the evidence. It should be clear that any attempt at delicacy on the part of witnesses can be easily misconstrued as some lesser offense. If it is rape, it should be clearly identified as rape.

The testimony of the social worker regarding the 1977 reports to the CHR by the victim and the child welfare records were properly admitted at trial. The only argument presented to the trial judge in support of the defense objection was that the testimony was being improperly introduced to reinforce the prior testimony of the victim.

When the credibility of a witness has been attacked by a charge of recent fabrication, rebuttal evidence may be introduced which shows that the witness made prior consistent statements on occasion before the alleged motive to fabricate arose. Prior to the testimony of the social worker, Reed attempted to challenge the credibility of the victim by generally assailing her efforts to report the crimes when they had occurred in 1977. He also alleged that the victim had been motivated to fabricate the charges because of an altercation which occurred in 1979, two years after the victims reported the crimes to CHR.

In addition to responding to the reinforcement complaint, the testimony of the social worker was also potentially relevant in explaining to the jury why the prosecution had been delayed. The complained of testimony was properly admitted for a relevant non-reinforcement purpose.

I would affirm the conviction.

STEPHENSON, J., joins in this dissent.