Richard RIDDLE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 92–CA–1988–MR.

Court of Appeals of Kentucky.

Oct. 22, 1993.

Robert L. Wilson, Wilson & Smith, Jamestown, for appellant.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

Before GARDNER, HOWERTON and McDONALD, JJ.

*OPINION*

McDONALD, Judge:

Appellant Richard Riddle was convicted by a jury of two counts of trafficking in a controlled substance. The jury fixed his prison sentence at five years to serve on each count. The circuit court ordered the sentences to be served consecutively.

On appeal, six errors are asserted for reversal. We reverse on the first argued error and, because it will aid the trial court upon remand, we will affirm on the third assigned error. All other errors alleged will not be discussed because they are either moot or harmless.

■ Riddle's first alleged error asserted that the circuit court refused to discharge prospective jurors who had a close personal relationship with the Commonwealth Attorney's Office, and in the alternative to allow Riddle to further develop the prejudice of the potential jurors so affected.

During the voir dire of the venire, counsel for Riddle inquired of the panel, and from the record we quote:

Counsel for Riddle: I guess several of you have been represented by Mr. Cary or Mr. Capps [Commonwealth's Attorney and Assistant Commonwealth's Attorney, respectively] for some type of legal work in the past. If you would, indicate how many of you, if any of you have been represented by Mr. Capps or Mr. Cary.

There are several. Now, let's exclude just common deed work, or drafting a will or doing an income tax return. Other than those 3 items have any of you been represented by Mr. Capps or Mr. Cary?

Okay. Now how many of you would now at this point, consider Mr. Capps or Mr. Cary to be your attorney, the one that you would go to for advice and counsel?

One, two . . . twelve [eventually number fourteen].

Counsel moved to excuse for cause the 14 venire persons who had been represented by the prosecutors and stated they would seek their representation in the future.

Comment to court by Mr. Capps: If we accept this as challenge for cause we can't get a jury in Cumberland County, at any time.

Later, the court inquired of the 14 venire persons:

Court: Alright, now the question was asked several of you if you employed Cary and Capps. Course this is a small county and I believe that the questions may have been a little bit confusing at times because counsel started out with if you had a deed written or a will, we want to exclude that, and this sort of thing. The question really needs to be, those of you who said that you would employ them again, or if you needed legal services you'd go with them, I want to ask each one of those to raise your hand. I'll ask you specifically, do you have a close relationship with Cary and Capps individually, and as a law firm, that you would give preferential treatment to their testimony? Do you have a close relationship that you would favor them?

Jurors: No.

Court: I'll state it again, another way. Can you hear the testimony and be fair and impartial and no—to the defendant, and not mistreat him in any way. Just listen to the testimony from this witness stand. Can you be fair and impartial? Would the fact that you employed, or know them or maybe go to them, would that affect you in any way, affect your being fair and impartial?

Jurors: No.

Court: Do you know of any reason why you could not sit here, listen to the testimony from this witness stand, and be fair and impartial both for the defendant and for the Commonwealth?

Jurors: Yes.[1]

Court: Prepare your list.

(Proceedings at bench)

Counsel for Riddle: Comes the defendant and renews the challenges for cause for the 14 individual jurors who are potential clients of the Commonwealth Attorney's·Office. We further, as grounds, in addition to as previously state, state the question generated by the court was confusing to the jury and that the first time the question was asked whether or not it would prejudice them or they would favor the Commonwealth Attorney's Office, 8 jurors kept their hands in the air, and then only after pointing at them and giving them a leading question, did they say that they would not be prejudiced by the fact that their attorneys were on one side and the strangers were on the other.

Capps: I would note for the record that the reason they had their hands up was to be able to identify themselves as the people who were being talked to.

Cary: Yeah, they weren't holding them up in response to the question.

Court: For the first time in my life I would state that I'd be delighted to have a video camera present because the jurors clearly indicated to the court and counsel and everybody else that they did not have any prejudice or bias whatsoever. Motion to challenge for cause is overruled.

The circumstances portrayed are affected by two recent cases from the Kentucky Supreme Court, namely, *Thomas v. Commonwealth*, Ky., 864 S.W.2d 252 (1993), and *Alexander v. Commonwealth*, Ky., 862 S.W.2d 856 (1993).

*Thomas v. Commonwealth, supra,* reaffirms the proposition that a disqualified member of the venire cannot be rehabilitated by any pronouncement of a magic formula from the bench. The disqualification, ·in our opinion, is in the question and response, not from any subsequent disclaimer on the part of the venire person.

The rehabilitation question from the bench, in times past, was: "Yes, but can you set aside your bias and prejudice and give the defendant a fair trial?" Invariably the venire person would respond "yes" to such a disclaimer query but, as *Thomas* instructs, objective bias has already been established and there is no rehabilitation that can remove it. *See additionally, Montgomery v. Commonwealth,* Ky., 819 S.W.2d 713 (1992).

*Alexander v. Commonwealth, supra,* relied on a declaration found in *Pennington v. Commonwealth,* Ky., 316 S.W.2d ˙221, 224 (1958):

It is the probability of bias or prejudice that is determinative in ruling on a challenge for cause.

Further, as guided by *Tayloe v. Commonwealth,* Ky., 335 S.W.2d 556, 558 (1960), we quote:

We have many times stated that a party charged with a criminal offense is entitled to be tried by a fair and impartial jury composed of members who are disinterested and free from bias and prejudice, *actual or implied or reasonably inferred.* This principle of justice is as old as the history of the jury system. (Emphasis added).

■ Does prior attorney-client relationship automatically disqualify a venire person when challenged for cause under a presumed bias theory? It would be too presumptive of us to answer affirmatively in light of *Altman v. Allen,* Ky., 850 S.W.2d 44 (1993). In *Altman,* a physician negligence action, the Supreme Court held it was not required of the trial judge to excuse for cause venire persons who were former patients of the defendant physicians on the basis of the motion to challenge for cause only. The opinion stated, page 45:

There is no foundation to establish a per se exclusion and no proof has been presented to establish bias. During the voir dire examination, there was no comprehensive effort to explore or develop the doctor/patient relationship of the three jurors to the extent necessary to determine bias.

---

1. In context, this anomalous answer seems to be an expression of the juror's ability to be fair and impartial rather than a response to the actual question asked. No issue has been raised concerning this answer in either the trial or appellate court.

In the case before us, unlike in *Altman*, there are factors which persuade us that abuse of discretion was exercised in the trial court's rulings.

First, the record shows that counsel for Riddle was not given sufficient latitude to establish bias on voir dire.

> Court: ... In a small community you've got to show that it's a close relationship would affect their impartiality. You may ask that question. You'll be confined, you've already announced you've closed your voir dire, you'll be confined to that one area.
>
> Mr. Cary: I move the Court to have the Court to ask that question.
>
> Court: I think it would be better for the counsel to.
>
> Mr. Capps: I want to know if they deem the relationship so close that they can't sit here as a fair and impartial juror.
>
> Court: The Court will ask two questions. I'll ask for them.
>
> Counsel for Riddle: I want to make the record clear that I am asking leave of the Court on behalf of the defendant to further develop the relationship that 14 jurors have with the attorneys for the Commonwealth by asking them whether or not the relationships with those attorneys is a close relationship.
>
> Court: And the Court's ruling is that he's already close and I'm going to ask a couple of questions to see if the answers and responses show any impartiality; ....

Secondly, under the attorney/client classification, each challenged venire person affirmed that he/she would seek a future attorney/client relationship with the two prosecutors.

Thirdly, as a matter of law, *In re Gilbert*, 274 Ky. 187, 118 S.W.2d 535, 537 (1938), comments that:

> The relationship [attorney-client] is one of trust and confidence, and it is the duty of the courts to preserve it upon a high plane of moral responsibility for the protection of the public.

*Daugherty v. Runner*, Ky.App., 581 S.W.2d 12, 16 (1978), is more explicit about the circumstances. It says:

The relationship of attorney-client is a contractual one, either expressed or implied by the conduct of the parties. The relationship is generally that of principal and agent; however, the attorney is vested with powers superior to those of any ordinary agent because of the attorney's quasi-judicial status as an officer of the court; thus the attorney is responsible for the administration of justice in the public interest, a higher duty than any ordinary agent owes his principal. Since the relationship of attorney-client is one fiduciary in nature, the attorney has the duty to exercise in all his relationships with this client-principal the most scrupulous honor, good faith and fidelity to his client's interest.

When narrowed down to its barest elements, the accused was tried by eight jurors who had a prior successful contractual relationship with opposing counsel, and who professed would seek out such a contractual relationship in the future. Keep in mind that the attorney/client relationship is a fiduciary relationship, with a higher duty than an ordinary business relationship.

In our opinion reversible error was committed for the failure to disqualify for cause the 14 prospective jurors. We are aware the trial judge was in the unique situation of being at trial in a county with a small population and very few lawyers. However, the integrity of the jury system is just as sacred to Cumberland County as anywhere else, and it must be preserved.

We know of no way the trial court could have saved the venire persons in question from disqualification, although his efforts were valiant. Regardless, we must reverse the judgment of the Cumberland Circuit Court and remand for a new trial on this issue.

■ Riddle's third assigned error concerned the trial court's failure to dismiss the indictment on the grounds of unreasonable pre-indictment delay. The argument is that because the alleged offense happened on May 17, 1989, and the indictment was returned on March 18, 1991, such was patently unfair to Riddle.

Riddle claims the delay hampered his defense, however, he was not explicit in what

manner. Riddle also claims that the Commonwealth failed to give a reasonable excuse for the delay which should be taken to mean the delay was intentional.

Riddle wants this Court to apply *Reed v. Commonwealth*, 738 S.W.2d 818 (1987), for the basis to dismiss the indictment. In *Reed* there was an eight-year delay and the authorities were aware of the crimes shortly after they happened.

We will not apply the *Reed* restrictions to the delay in this case. The trial court was correct in ruling that the delay did not prejudice Riddle in his defenses.

The appeal is remanded to the trial court for further proceedings consistent with this opinion.

All concur.