## COMMISSIONER OF INTERNAL REVENUE v. AUTO STROP SAFETY RAZOR CO., Inc.
### No. 110.

Circuit Court of Appeals, Second Circuit.

Dec. 10, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, and Norman D. Keller, Sp. Assts. to Atty. Gen., for petitioner.

Laurence Arnold Tanzer, of New York City, and John W. Townsend, of Washington, D. C., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The predecessor of the respondent, Auto Strop Safety Razor Company, owed the Auto Strop Company, in 1926, $2,170,478.98 on account of royalties, loans, and interest. In that year the Auto Strop Company was dissolved and all of its assets were distributed in liquidation to the Autan Transfer Corporation which owned all of its stock.

The Autan Transfer Corporation also owned all of the stock of the Auto Strop Safety Razor Company, and on January 19, 1927, canceled the debt owed by that company and released it from all liability therefor. The amount of the debt so canceled was thereupon entered upon the books of the Auto Strop Safety Razor Company to the credit of its surplus account.

In June, 1927, the respondent, Auto Strop Safety Razor Company, Inc., was organized. It filed an income tax return for the entire calendar year of 1927 in which it included the business of the Auto Strop Safety Razor Company for that portion of the year up to the time it was dissolved, but the canceled debt of $2,170,478.98 was not in any way reflected in the return. The Commissioner added that amount to net income and determined a deficiency which included it. The correctness of the decision of the Board overruling the Commissioner in this respect is the sole question presented.

Article 49 of Regulations 69 which went into effect under the Revenue Act of 1918 substantially as it is quoted below and has so been continued reads:

"Art. 49. *Forgiveness of Indebtedness*— The cancellation and forgiveness of indebtedness may amount to a payment of income, to a gift, or to a capital transaction, dependent upon the circumstances. If, for example, an individual performs services for a creditor, who in consideration thereof cancels the debt, income to that amount is realized by the debtor as compensation for his services. If, however, a creditor merely desires to benefit a debtor and without consideration therefor cancels the debt, the amount of the debt is a gift from the creditor to the debtor and need not be included in the latter's gross income. If a shareholder in a corporation which is indebted to him gratuitously forgives the debt, the transaction amounts to a contribution to the capital of the corporation."

The Board found that the sole stockholder of the Auto Strop Safety Razor Company acted gratuitously in forgiving the debt, and, as there was evidence to support the finding, we accept it. It held correctly in accordance with the above regulation that by the transaction, being a contribution to its capital, the Auto Strop Safety Razor Company did not receive taxable income. On the question of capital contribution, see United

States v. Oregon-Washington R. & Nav. Co., 251 F. 211 (C. C. A. 2).

But the petitioner now argues that the deficiency was correctly determined for reasons ignored by the Board. It is said that the record shows, indirectly at least, since the assertion appears in a statement of returns examined which was inclosed in a deficiency notice, commonly called a sixty-day letter, sent by the Commissioner to the respondent and attached by the respondent to its petition to the Board in accordance with a rule of the Board so requiring, that the Auto Strop Safety Razor Company was on an accrual basis and deducted the amount of this debt from its returns in previous years, and that the Auto Strop Company was on a cash basis and only reported the income actually received. We will not express any opinion as to what effect may be given such a statement where, as here, the Board fails to make findings on the point, and no effort is made either to have it do so or to correct its failure.

Should we assume that the claimed facts were before us, viz. that Auto Strop Safety Razor Company was on an accrual basis and deducted from its income the indebtedness as it was accrued on its books and that the Auto Strop Company was on a cash basis and so reported only what income it actually received, we do not think that would change the result. In doing what they did these two companies complied with the law. So far as now appears, their returns were correct and their taxes assessed and paid accordingly. When the indebtedness was canceled, whether or not it was a contribution to the capital of the debtor depends upon considerations entirely foreign to the question of the payment of income taxes in some previous year. Since the cancellation, under the circumstances shown, did not make it income to Auto Strop Safety Razor Company in the year the debt was canceled, it cannot be taxed as its income in that year.

Our attention has been called to general language used by way of illustration in our opinion in Commissioner v. Rail Joint Co., 61 F.(2d) 751 at page 752 which is said to indicate that the law is contrary to the result we have reached in this case. We were not then speaking of a contribution to capital which is never income, but of a transaction which might or might not result in income dependent upon whether that part of the debt, settled for less than its face amount, which was the sum released to the general uses of the taxpayer, was a gift or was the result of some consideration moving from the debtor to the creditor who made the discount. How it would be treated under the regulations above quoted would depend upon the attendant facts in each instance, and what we there said did not touch the situation now before us.

Affirmed.