OPINION. Blace, Judge: Petitioner states the issue involved in this proceeding in her brief, as follows: Is the taxpayer entitled to exclude from her 1947 gross income payments received from her divorced husband pursuant to the terms of a divorce decree, which payments were made for the support of the taxpayers three minor children? The applicable provisions of the Internal Revenue Code and Treasury Regulations are printed in the margin.[1] Respondent in his brief strongly relies on Robert L. Daine, 9 T. C. 47 (1947), affd. (C. A. 2, 1948) 168 F. 2d 449, and Peter Van Vlaanderen, 10 T. C. 706 (1948), affd. (C. A. 3, 1949) 175 F. 2d 389. We think these cases are distinguishable on their facts. Ii? both the Daine case and the Van Vlaanderen case, the decree of the State court which was made retroactive in its provisions was not seeking to correct an error which had been made in the original decree but sought to change the status of the parties as it existed in prior years. Our Court held this could not be done, to change Federal tax liability for the prior years, and in this holding we were affirmed by the Circuit Courts. In the instant case it seems clear to us that the purpose of the modified decree which was entered November 5,1950, and which was made retroactive to the date of the original decree of January 29,1946, was to correct a mistake which had been made and to conform the original decree to what was the intention of the court at that time. Under these circumstances' we think the case of Margaret Rice Sklar, 21 T. C. 349, is applicable. In that case, we said: Examination of all of the facts persuades us that the final decree of the state court upon the hearing of the divorce case between petitioner and her husband, and each of the amendatory orders thereafter which had to do only with the amounts to be paid petitioner, provided that the entire sum here in controversy was for the support of the child alone and not in any part for the support of petitioner. The original order and the orders amendatory thereof were in error in stating otherwise, and the last order of the court merely corrected that error. In this respect this case is distinguishable from Peter Van Vlaanderen, 10 T. C. 706, affd. 175 F. 2d 389. We follow the Sklar case, supra, here and decide the issue involved in favor of the petitioner. Petitioner has an alternative contention in her brief to the effect that her remarriage in 1946 to Jesse Yargason, now deceased, annulled her former husband’s obligation to support her. In arguing this point, she s'ays that it is the law of the State of New York that a divorced wife may not receive payments for her support after her remarriage. Having decided petitioner’s main contention in her favor, it becomes unnecessary to decide her alternative contention. Decision, will be entered for the petitioner. Internal Revenue Code : SEC. 22 (k). Alimony, Etc., Income. — In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument Incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. Regulations Ill: Sec. 29.22 (k)-l (d). Payments for support of minor children.- — Section 22 (b) does not apply to that part of any periodic payment which, by the terms of the decree of the written instrument under section 22 (k), is specifically designated as a sura payable for the support of minor children of the husband. * * * if, however, the periodic payments are received by the wife for the support and maintenance of herself and of minor children of the husband without such specific designation of the portion for the support of such children, then the whole of such amounts is includible in the income of the wife as provided in section 22 (k). Except in eases of a designated amount or portion for the support of the husband’s minor children, periodic payments described in section 22 (k) received by the wife for herself and any other person or persons are includible in whole in the wife’s income, whether or not the amount or portion for such other person or persons is designated.