**Opal CARROLL, Appellant,**

v.

**Mid CARROLL, Appellee.**

Court of Appeals of Kentucky.

Sept. 23, 1960.

William C. Kibbey, Grayson, for appellant.

W. E. Mobley, Sandy Hook, for appellee.

CULLEN, Commissioner.

In 1955, a judgment was entered granting Mid Carroll a divorce from his wife, Opal. The judgment awarded Opal custody of their 12-year-old daughter and required Mid to pay $40 per month for support of the child. The judgment further provided that Mid "shall pay $20.00 per month to the defendant for herself." The daughter remained with Opal for only a few months, during which period Mid made the support payments required by the judgment. She then returned to live with Mid and has remained with him ever since. After the daughter returned to him Mid made no further payments under the judgment.

In 1959, Opal brought proceedings to enforce collection of the accumulated total ($725) of the delinquent $20 monthly sums which the judgment required Mid to pay her "for herself." (She appears to have conceded that the $40 child support payments were not required to be made when the daughter was living with Mid.) Mid then moved the court for relief from the 1955 judgment, alleging that the true intention and meaning of the judgment was that the $20 payments were to be used only to pay rent for a house so long as the daughter should live with Opal.

The court made findings of fact that the intention of the court at the time of entering the 1955 judgment was that the $20 payments be only to enable Opal to provide a home for the child; that a preliminary draft of the judgment expressly so provided; that in rewording this draft to make it clear that the husband was not to rent a house himself but only to give the wife money for rent, the words "and child" were struck out by error; and that this "was an oversight by the court, and an error by the court, in entering such judgment." An order was entered adjudging that the $20 payments were in effect fully satisfied, and amending the judgment so as to provide no payments to the wife. The court also entered a nunc pro tunc order amending the judgment as of the date of its entry so as to provide that the $20 payments should be for the wife *and child.* A later order was entered overruling the wife's motion to set aside the two previous orders. Opal has moved for an appeal from all three orders.

The error in the 1955 judgment was a judicial one, not a clerical one, and therefore could be corrected only by appeal or as authorized by CR 60.02. See Wides v. Wides, 300 Ky. 344, 188 S.W.2d 471. Under CR 60.02 a motion for relief on the ground of mistake must be made within one year after the judgment. While Clause No.

6 of the rule authorizes relief at any time for a reason "of 'an extraordinary nature' * * * justifying relief" we do not consider the reason here to be such as to come within that clause.

 The error could not be corrected by nunc pro tunc order because such an order can be used only for the purpose of placing in the record evidence of judicial action that has actually been taken, and not to correct an error or supply an omission of judicial action. Benton v. King, 199 Ky. 307, 250 S.W. 1002.

The motion for an appeal is sustained and the orders are reversed to the extent that they relieve the husband of liability for the accrued $20 payments; to the extent that the orders relieve the husband of liability for any future payments, and award custody of the child to him, they are affirmed.