MARY JAMES WILSON, PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 632–66.    Filed October 16, 1967.

*James H. Leeds*, for the petitioner.
*Joseph Nadel*, for the respondent.

2

[redacted]

OPINION

The parties are in agreement that the separation agreement made by petitioner and her former husband, in writing, on March 12, 1957, under which the payments here in controversy were made, does not comply as so made with section 71 (a)(2) and (b)[1] of the Internal

---

[1] SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.
  (a) GENERAL RULE.—

      \*       \*       \*       \*       \*       \*       \*

    (2) WRITTEN SEPARATION AGREEMENT.—If a wife is separated from her husband and there is a written separation agreement executed after [August 16, 1954] the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement

Revenue Code of 1954 so as to exclude the amounts in dispute from petitioner's gross taxable income as child-support payments fixed as such by the agreement. It is petitioner's contention, however, that the January 26, 1966, decree of the Circuit Court of Cook County, Ill., had the retroactive effect of amending the agreement *nunc pro tunc* as of the date of its execution and that therefore it did during the years at issue "fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband."

We find upon examination of the January 26, 1966, decree of the Circuit Court of Cook County, Ill., that it has no retroactive effect whatsoever. Paragraph Five thereof, set forth in our findings, is not amendatory of the separation agreement, but merely sets forth that court's conclusion as to the effect of the agreement with respect to amounts therein provided for child support. Our reading of paragraph Five of the separation agreement leads us to the unavoidable conclusion that the author thereof had resorted to inference and conjecture in contravention of the Supreme Court's determination in *Commissioner* v. *Lester*, 366 U.S. 299 (1961), that "the allocations to child support * * * must be 'specifically designated' and not left to determination by inference or conjecture." [2] It is true that the later decree "specifically designated" and fixed the amount of each payment to be allocated to child support, but it is clear that in doing so it made an amendment of the separation agreement which would have only prospective, not retroactive effect.

This case is distinguished from *Gloria P. Johnson*, 45 T.C. 530 (1966), by the difference in the State court decrees. While the decree here is clearly prospective in its effect and is not in any sense *nunc pro tunc* in character, the decree in *Gloria P. Johnson, supra*, is clearly *nunc pro tunc* in that it is amendatory with respect to a previous decree of the same court which amended its own decree as of the date of its issuance.

It follows then that the agreement for the years at issue must be held to have retained its original uncertainties with respect to the amount

---

and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly.

\* \* \* \* \* \*

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

[2] The Supreme Court was there considering sec. 22(k) of the 1939 Code, but we find its language equally applicable here for that section is identical with sec. 71(b) of the 1954 Code in all respects which are pertinent here.

or portion of the payments thereunder which were allocable to child support. The whole amount of each payment for those years is therefore held to be gross income to petitioner.

Although neither on brief nor otherwise has petitioner specifically conceded the correctness of respondent's inclusion in her gross income of a $48.41 accident and health insurance premium payment by her former husband for her benefit, we read the last paragraph of her reply brief as such concession and do not pass upon that issue.

Because of concessions on the part of each party,

*Decision will be entered under Rule 50.*