FRANCES GRAHAM, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18973–80.     Filed August 30, 1982.

*Rocco J. Celebrezze,* for the petitioner.
*Ferdinand J. Lotz III,* for the respondent.

## OPINION

SIMPSON, *Judge*: The Commissioner determined the following deficiencies in the petitioner's Federal income taxes:

| Year | Deficiency |
|------|-----------|
| 1975 | $1,590 |
| 1976 | 1,804 |
| 1977 | 2,093 |

The issue for decision is whether certain payments received by the petitioner from her former husband pursuant to a 1974 decree of divorce constitute alimony or child support. The resolution of this issue turns, in part, on the effect, if any, for Federal tax purposes of a 1981 State court order which amended such decree nunc pro tunc.

All of the facts have been stipulated, and those facts are so found.

The petitioner, Frances Graham, maintained her legal residence in Bowling Green, Ky., at the time she filed her petition in this case. She filed her Federal income tax returns for 1975, 1976, and 1977 with the Internal Revenue Service Center, Memphis, Tenn.

In 1957, the petitioner married John T. Graham, and three children were born of such marriage. In 1974, the ages of such children were 15, 12, and 8. On November 27, 1974, the petitioner and Mr. Graham were divorced pursuant to findings of fact, conclusions of law, and decree for dissolution of marriage (the 1974 decree) entered by a judge of the Warren (Kentucky) Circuit Court. Such decree awarded custody of the children to the petitioner and further provided, in part:

### PROPERTY RIGHTS

The Court is of the opinion and it is adjudged the parties are equal owners of the home. That the mother and children be permitted to occupy the residence until the youngest child reaches the age of 18 years, or she remarries, at which time the home shall be sold and the net proceeds divided equally between the parties. The father shall make the payments on the home, and pay the taxes, insurance and utilities.

\*       \*       \*       \*       \*       \*       \*

### DECREE OF DISSOLUTION

IT IS THEREFORE ORDERED AND ADJUDGED that the marriage between the parties is hereby resolved [sic] and both parties are restored to the rights and privileges of a single person.

\*       \*       \*       \*       \*       \*       \*

He [Mr. Graham] will provide a home as set out above, and pay the

necessary medical and dental bills and $500.00 per month toward the support of the family.

During 1975, 1976, and 1977, Mr. Graham, pursuant to the 1974 decree, paid to the petitioner the sum of $500 per month and made the following payments with respect to the family home:

| Payment | 1975 | 1976 | 1977 |
|---|---|---|---|
| Utilities | $863.24 | $1,042.41 | $925.18 |
| Property taxes | 578.86 | 555.82 | 550.70 |
| Insurance | 200.00 | 235.00 | 235.00 |
| Mortgage interest | 1,779.06 | 1,810.00 | 1,870.00 |

On his Federal income tax returns for 1974, 1975, and 1976, Mr. Graham did not claim a deduction for alimony. Rather, he treated the payments to the petitioner as child support and claimed dependency exemptions for the three children. In 1976, Mr. Graham discussed with his accountant the tax effect of the 1974 decree. As a result of such discussion, the accountant requested a ruling from the Internal Revenue Service as to whether the $500 per month payments "toward the support of the family" were alimony or child support. In July 1977, the IRS ruled that such payments were alimony. Thereafter, Mr. Graham filed amended Federal income tax returns for 1974, 1975, and 1976 on which he claimed a deduction for such payments.

In 1979, the IRS conducted an examination of Mr. Graham's Federal income tax returns for 1975, 1976, and 1977. As a result of such examination, the IRS disallowed Mr. Graham's claim of dependency exemptions for the three children and allowed as alimony deductions, in addition to the $500 per month payments, all of the payments he made for utilities on the family home and 50 percent of the payments for property taxes, insurance, and mortgage interest.

On her Federal income tax returns for 1975, 1976, and 1977, the petitioner did not report any of the payments made by Mr. Graham to her or for her benefit as alimony. Also, she did not claim the three children as dependents. In August 1980, the Commissioner issued a notice of deficiency to the petitioner. In such notice, he determined that for 1975, 1976, and 1977, the $500 per month payments, all of Mr. Graham's payments for utilities, and 50 percent of the payments for property taxes,

insurance, and mortgage interest constituted alimony, taxable to the petitioner. In October 1980, the petitioner filed her petition in this case.

In April 1981, the petitioner filed a motion in the Warren Circuit Court in which she sought to amend, nunc pro tunc, the 1974 decree of that court to state that the "$500.00 per month toward the support of the family" should be $500 per month for child support. In May 1981, hearings were held before a commissioner of that court. At such hearings, the judge who issued the 1974 decree testified that although he used the term "family," his intent and purpose was that such payments were for child support. Also, the petitioner and Mr. Graham testified that they understood and considered that such payments were for child support. In his report following such hearings, the commissioner found that in using the language, the judge who issued the 1974 decree intended to award $500 per month to the petitioner as child support.

Both parties filed exceptions to such report with the Warren Circuit Court. After consideration of these exceptions, such court, on June 25, 1981, issued an order in which it confirmed and approved the report of the Commissioner. Such order further provided that the 1974 decree was amended to the extent that the phrase "$500.00 per month toward the support of the family" should read "$500.00 for child support of the infant children" and that such amendment was effective, nunc pro tunc, as of November 27, 1974. Such order was not appealed and became binding on the petitioner and Mr. Graham.

The first question that we address is whether the $500 per month payments constitute alimony, deductible by Mr. Graham and includable in the gross income of the petitioner, or whether such payments constitute child support, neither deductible by him nor includable in her gross income. The resolution of this question turns on the effect, if any, for Federal tax purposes of the 1981 order of the Warren Circuit Court which amended the 1974 decree nunc pro tunc.

Section 71(a) of the Internal Revenue Code of 1954[1] provides generally that if a wife is divorced from her husband under a

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

decree of divorce, the wife's gross income includes periodic payments received by her from her former husband if the payments are made by him in discharge of a legal obligation which, because of the marital or family relationship, is imposed on him under the divorce decree. However, section 71(b) provides that the general rule of section 71(a) shall not apply to that part of the payment which the terms of the decree fix as a sum payable for the support of the minor children of the husband. Thus, where periodic payments are received by the wife for the support and maintenance of herself and the minor children of the husband, the provisions of section 71(b) do not apply unless the decree fixes, by specific designation, the amount or percentage of such payments which is for the support of the minor children. If the portion which is for the support of the minor children is not so fixed, the full amount of the payments is includable in the income of the wife. Sec. 1.71–1(e), Income Tax Regs.; *Commissioner v. Lester*, 366 U.S. 299 (1961).

The petitioner in effect concedes that the language of the 1974 decree, "$500.00 per month toward the support of the family," did not specifically designate the portion of such payments which was for the support of the minor children and that under *Commissioner v. Lester, supra,* such payments would have constituted alimony, includable in full in her gross income. However, she argues that such language was used by mistake or inadvertence and that the 1981 order of the Warren Circuit Court, which amended the 1974 decree nunc pro tunc, should be given retroactive effect for Federal tax purposes. Accordingly, she contends that the payments she received during 1975, 1976, and 1977 were specifically designated as child support and, therefore, are not includable in her gross income. The Commissioner concedes that if the 1981 order is given effect retroactively for Federal tax purposes, the $500 per month payments were not includable in the gross income of the petitioner. Nevertheless, he contends that the amendment of the decree nunc pro tunc was not in accord with the law of Kentucky as expressed by its highest court, and that under the principle announced in *Commissioner v. Estate of Bosch*, 387 U.S. 456 (1967), such amendment should be accorded only prospective effect for Federal tax purposes.

Generally, State court adjudications retroactively designat-

ing divorce-related payments as child support and not alimony, or vice versa, are disregarded for Federal income tax purposes if the effect of such an adjudication is to change the rights of the parties or the legal status of the payments. *Gordon v. Commissioner*, 70 T.C. 525, 530 (1978); *Cothran v. Commissioner*, 57 T.C. 296, 301 (1971); *Wilson v. Commissioner*, 49 T.C. 1, 3 (1967); *Turkoglu v. Commissioner*, 36 T.C. 552, 555 (1961); *Segal v. Commissioner*, 36 T.C. 148, 153 (1961); *Hummel v. Commissioner*, 28 T.C. 1131, 1132 (1957); *Van Vlaanderen v. Commissioner*, 10 T.C. 706, 707 (1948), affd. 175 F. 2d 389 (3d Cir. 1949); *Daine v. Commissioner*, 9 T.C. 47, 51 (1947), affd. 168 F.2d 449 (2d Cir. 1948). Thus, where a State court enters an order purporting to relate back to a prior date, but which actually reflects an intention or design which originated subsequent to that date, such orders will not be given effect for Federal tax purposes. *Newman v. Commissioner*, 68 T.C. 494, 501 (1977). However, where the retroactive order was entered to correct a divorce decree that mistakenly failed to reflect the true intention of the court at the time the decree was entered, such an order, a true nunc pro tunc order, will be recognized for Federal tax purposes. *Gordon v. Commissioner*, 70 T.C. at 530; *Newman v. Commissioner*, 68 T.C. at 501; *Johnson v. Commissioner*, 45 T.C. 530 (1966); *Vargason v. Commissioner*, 22 T.C. 100 (1954); *Sklar v. Commissioner*, 21 T.C. 349 (1953).

It is clear that the 1981 order of the Warren Circuit Court was a true nunc pro tunc order. Therefore, in the absence of any other overriding legal principle, such order should be recognized for Federal tax purposes. However, here, there is such an overriding legal principle. In *Commissioner v. Estate of Bosch, supra,* the Supreme Court decided that where the application of a Federal statute is involved, we should not follow an adjudication of a lower State court as to an issue of State law, if the Commissioner was not a party to such adjudication and if it is inconsistent with the law of the State as announced by the highest court of the State. We must disregard such adjudication even though it is binding on the parties thereto and cannot be collaterally attacked by them. In such a situation, we must find and follow the law as announced by the highest court of the State. *Commissioner v. Estate of Bosch,* 387 U.S. at 465; see *Krakoff v. United States,*

439 F.2d 1023, 1025 (6th Cir. 1971); *Padre Island Thunderbird, Inc. v. Commissioner*, 72 T.C. 391, 395, 398 (1979).

In Kentucky, it is well established that a court has the power to enter an order nunc pro tunc. *Munsey v. Munsey*, 303 S.W.2d 257 (Ky. 1957); *Brannon v. Scott*, 288 Ky. 334, 156 S.W.2d 164 (1941); *Benton v. King*, 199 Ky. 307, 250 S.W. 1002 (1923); *Rogers v. Bigstaff's Ex'r*, 176 Ky. 413, 195 S.W. 777 (1917). However, such power extends only to the correction of clerical errors and cannot be used to correct a judicial error, which can only be corrected seasonably by an appeal. *Carroll v. Carroll*, 338 S.W.2d 694 (Ky. 1960); *Wides v. Wides*, 300 Ky. 344, 188 S.W.2d 471 (1945); *Bowling v. Evans*, 266 Ky. 242, 98 S.W.2d 916 (1936); *Hazelip v. Doyel*, 260 Ky. 313, 85 S.W.2d 685 (1935); *Benton v. King, supra*; *Chester v. Graves*, 159 Ky. 244, 166 S.W. 998 (1914). Although it is sometimes difficult to distinguish between such types of errors (see *Wides v. Wides, supra*), it is clear that the choice of language in the 1974 decree was a judicial, not a clerical, error, which could not be corrected by a nunc pro tunc order under Kentucky law.

A clerical error is one where an order or direction of the court has been omitted by inadvertence, mistake, or neglect, on the part of the clerk or the judge, such as by failing to enter of record such action as had been rendered. *Carroll v. Carroll, supra*; *Hundley v. Hundley*, 303 Ky. 658, 198 S.W.2d 971 (1947); *Gorman v. Lusk*, 280 Ky. 692, 134 S.W.2d 598 (1939); *Hazelip v. Doyel, supra*; *Benton v. King, supra*; *Rogers v. Bigstaff's Ex'r, supra*; *Chester v. Graves, supra*. A judicial error, on the other hand, is where the record reflects the actual action taken, but where such action was not what the judge intended. *Wides v. Wides, supra*. In the case of a judicial error, the entry of a nunc pro tunc order does not make the record speak the truth. As stated in *Bowling v. Evans*, 98 S.W.2d at 917, "a nunc pro tunc order cannot be used for the purpose of correcting a judicial error, or to make the record speak what it did not speak, but ought to have spoken." See *Carroll v. Carroll, supra*; *Benton v. King, supra*; *Chester v. Graves, supra*. In *Benton v. King*, 250 S.W. at 1003, the court declared "a court in entering a judgment nunc pro tunc has no power to construe what the judgment means, but only to enter of record such judgment as had been formerly rendered, but which had not been entered of record as rendered."

The judge who entered the 1974 decree testified at the hearing before the Commissioner that the language of such decree included the words he used, but that he intended the word "family" to indicate child support. In *Carroll v. Carroll*, *supra*, the Supreme Court of Kentucky was faced with a factual case even stronger for amending the decree in that case nunc pro tunc. There, a judgment was entered granting the husband a divorce from his wife. The wife was awarded custody of their minor daughter, and the husband was ordered to pay his wife $40 per month for the support of the daughter. The judgment further provided that the husband was to pay $20 per month to the wife "for herself." The child remained with the mother for a few months, during which period the husband made the $40 and $20 payments required by the judgment. Subsequently, the daughter went to live with her father, and thereafter, he made no further payments under the judgment. The wife brought suit to collect the sum which she claimed the judgment required the husband to pay her "for herself." The husband moved the lower court for relief from the judgment, alleging that the true intention and meaning of the judgment was that such payments were only to be made so long as the daughter lived with her mother. The lower court found that there was a preliminary draft of the judgment indicating that the payments were to continue only so long as the child resided with the mother and that there had been a mistake in the language of the judgment which "was an oversight by the court, and an error by the court, in entering such judgment." 338 S.W.2d at 695. The lower court then entered a nunc pro tunc order amending the judgment, as of the date of its entry, to provide that the payments were for the wife and child.

The wife appealed, and the Supreme Court of Kentucky reversed, finding that the error in the original judgment was a judicial one, not a clerical one. Therefore, the error could only be corrected by appeal and not by a nunc pro tunc order. See also *Wides v. Wides, supra.*

We believe that *Carroll* is indistinguishable from the present case and, indeed, presents a stronger case for correction of the error nunc pro tunc since, in that case, there was documentary evidence indicating the mistake. It is the established law of Kentucky that there must be at least a minute or

memorandum in the court record evidencing the decision rendered in order to justify entering an order nunc pro tunc, and a court cannot alter, correct, or amend its record from its own recollection or from the representations of others. *Brannon v. Scott, supra; Gorman v. Lusk, supra; Bowling v. Evans, supra; Hazelip v. Doyel, supra; Benton v. King, supra; Rogers v. Bigstaff's Ex'r, supra; Chester v. Graves, supra.* At the 1981 hearings, the only evidence of error in the 1974 decree was parol evidence. Thus, for this additional reason, the amendment of such decree nunc pro tunc was erroneous under Kentucky law.

Under the principle of *Commissioner v. Estate of Bosch, supra*, we must conclude that the nunc pro tunc amendment of the 1974 decree by the Warren Circuit Court was contrary to the law of Kentucky as announced by its highest court and that, therefore, such amendment will not be recognized retroactively for Federal tax purposes. Accordingly, we find and hold that the $500 per month payments received by the petitioner during 1975, 1976, and 1977 were alimony, includable in her gross income for such years.

There remains the question of whether all of the payments made by Mr. Graham for utilities on the family home and 50 percent of the payments that he made for property taxes, insurance, and mortgage interest with respect to such home are includable in the gross income of the petitioner. In her petition, she takes the position that, as a result of the 1981 order which amended the 1974 decree nunc pro tunc, such payments should be classified as child support. We have concluded that such order will not be given effect retroactively. Therefore, for the reasons set forth in our discussion of the $500 per month payments, such argument is without merit.

In her opening brief, the petitioner said nothing specifically about the taxability of such payments, but in her reply brief, she argues that since such payments were included in the portion of the decree on property rights, they were part of a property settlement and, therefore, are not includable in her gross income. It is well settled that this Court will not consider issues raised for the first time on brief when to do so prevents the opposing party from presenting evidence or arguments that might have been presented if the issue had been timely raised. *Estate of Gillespie v. Commissioner*, 75 T.C. 374, 381

(1980); *Estate of Horvath v. Commissioner,* 56 T.C. 551, 555 (1973); *Riss v. Commissioner,* 56 T.C. 388, 401 (1971), Supplemental Opinion 57 T.C. 469 (1971), affd. on this issue 478 F.2d 1160 (8th Cir. 1973); *Theatre Concessions, Inc. v. Commissioner,* 29 T.C. 754, 760–761 (1958). It is clear that neither prior to the submission of this case nor at the time he filed his brief was the Commissioner aware that the petitioner intended to raise this issue. Accordingly, we must hold that such issue has not been raised timely. Nevertheless, we have in fact examined the merits of the petitioner's position, and we find that there is no basis for rejecting or modifying the Commissioner's determination.[2]

> *Decision will be entered under Rule 155.*

---

[2]Since we have concluded that the payments made to the petitioner by Mr. Graham were alimony and not child support, it appears that she may be entitled to claim the three children as dependents. Unfortunately, she presented no evidence on this question, nor did she plead such an alternative theory. Therefore, it would be inappropriate for us, sua sponte, to amend her petition or to determine whether she is entitled to such dependency exemptions. Rule 142(a), Tax Court Rules of Practice and Procedure; *Estate of Gillespie v. Commissioner,* 75 T.C. 374, 381 (1980); *Markwardt v. Commissioner,* 64 T.C. 989, 998 (1975); *Estate of Mandels v. Commissioner,* 64 T.C. 61, 73 (1975); *Rissman v. Commissioner,* 6 T.C. 1105, 1118 (1946).