KENNETH J. JUZA AND M. ELEANOR JUZA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Juza v. Commissioner
Docket No. 19251-80.
United States Tax Court
T.C. Memo 1983-239; 1983 Tax Ct. Memo LEXIS 549; 46 T.C.M. (CCH) 12; T.C.M. (RIA) 83239; May 2, 1983. Kenneth J. Juza, pro se. Jeffrey D. Lerner, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies of $239.00 and $200.00, respectively, in petitioners' 1977 and 1978 Federal income tax. The sole issue for decision is whether petitioner Kenneth J. Juza's renovation of certain property constituted an activity engaged in for profit under section 183. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found *551 accordingly. Kenneth J. Juza (hereinafter petitioner) and M. Eleanor Juza, husband and wife, resided in Eau Claire, Wisconsin, when they filed their 1977 and 1978 joint Federal income tax returns and when they filed their petition in this case. Petitioner was a career military man who served in the United States Army until he retired in 1968. While in the military, petitioner supervised the maintenance and repair of heavy equipment such as tractors and trucks. After retiring from military service, petitioner obtained employment as a carpenter for a contractor in Eau Claire. Such employment continued until 1975 when he was laid off due to bad business conditions. After being laid off petitioner obtained employment with a lumberyard, but such employment ended within a few months. Subsequently, petitioner decided to begin his own business as a carpenter. Petitioner relied on people who knew his work for odd jobs and placed several advertisements in a trade magazine. During 1976 and 1977, petitioner undertook some work for the Anderson Window Corporation removing and replacing defective windows that had been manufactured by the corporation. In 1976, petitioner purchased *552 a piece of property with an existing home on it for $22,000. He purchased the property intending to expand, improve, and remodel the home located thereon and then resell the property. He spent a considerable amount of time on his renovation project during 1977 and 1978. Petitioner drew plans up with respect to his renovation of the home and hired an architect to finalize such plans. As of October 1982, petitioner was working on completing his renovation of the home. Upon completion of the renovation, petitioner intends to resell the home. During 1976, petitioner earned $1,395 from removing and replacing defective windows for the Anderson Window Corporation. He also earned $688.23 from performing other miscellaneous odd jobs. During 1978, petitioner did not earn any income as a carpenter, but devoted most of his time to renovating the home that he had purchased. On his 1977 and 1978 tax returns, petitioner reported the retirement income that he received from the United States Army in the amounts of $12,945.78 and $13,883.52, respectively. On the schedule C (Profit or (Loss) from Business or Profession) filed with each return, petitioner reported the following income and *553 expenses from his "Carpenter Construction" business: 1977
1978
Income
$2,083.23 Expenses [2]
$3,244.38 $874.08 Net loss
($1,161.15)
($874.08)
In addition, on the schedule A (Itemized Deductions) that petitioner filed with his 1977 return, he claimed a deduction of $150.00 for labor expenses that he had incurred in connection with his carpentry work. He also claimed a sales tax deduction in the amount of $163 computed from the Internal Revenue Service state sales tax tables and claimed an additional deduction of $44.85 for sales tax paid with respect to building materials that he had purchased for his renovation project. On the schedule A that he filed with his 1978 return, petitioner claimed a sales tas deduction in the amount of $150 computed from the Internal Revenue Service state sales tax tables and claimed an additional deduction of $173.57 for the sales taxes paid with respect to the building materials that he purchased from his renovation project. In the notice of deficiency, respondent determined *554 that petitioner's carpentry business was not an activity engaged in for profit and, therefore, disallowed the schedule C losses claimed by petitioner for 1977 and 1978. [3] Respondent also determined that petitioner was not entitled to the sales tax deductions claimed for 1977 and 1978 with respect to the building materials he had purchased, but was only entitled to deductions computed under the state sales tax tables. OPINION Section 183(a) provides that no deduction attributable to an activity not engaged in for profit shall be allowed except as provided in section 183(b). Section 183(b) provides generally that such deductions are allowable only to the extent of the income from such an activity, thereby preventing the taxpayer from claiming a net loss in connection with any such activity. Under section 183(c), the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable under section *555 162 or under paragraph (1) or (2) of the section 212. In determining whether expenses are attributable to carrying on a trade or business under section 162 or the production or collection of income under section 212(1) or (2), the question is whether the taxpayer's primary or dominant motivation for engaging in the activity was to make a profit. Jasionowski v. Commissioner,66 T.C. 312, 318-319 (1976). The taxpayer must have a good faith objective to make a profit, whether or not his expectation of profit is reasonable. Hirsch v. Commissioner,315 F.2d 731, 736 (9th Cir. 1963), affg. a Memorandum Opinion of this Court; Dreicer v. Commissioner,78 T.C. 642, 644-645 (1982), on appeal (D.C. Cir., June 1, 1982). The issue is one of fact upon which no single factor is determinative; it must be resolved upon considering all the facts and circumstances. Lemmen v. Commissioner,77 T.C. 1326, 1340 (1981); Allen v. Commissioner,72 T.C. 28, 34 (1979). See also sec. 1.183-2(b), Income Tax Regs.
Respondent maintains that petitioner's renovation of the property he purchased in 1976 was not an activity engaged *556 in for profit, and therefore, petitioner is not entitled to claim any loss in connection with such activity. [4] Petitioner, on the other hand, argues that he purchased the property in order to renovate the home located on such property and resell it at a profit. We hold for petitioner. *557 Upon retiring from the military, petitioner began working as a carpenter in Eau Claire, thereby supplementing his military retirement income. In 1975, however, petitioner was laid off and decided to begin his own business as a carpenter. From the odd jobs he was able to obtain, he earned slightly over $2,000 in 1977. In 1976, petitioner purchased a piece of property with a home on it for $22,000. He intended to use his skills as a carpenter to renovate the home and then to resell the property at a profit. After purchasing the property, petitioner began investing substantial time and money in the renovation. He drew up plans for renovating the home and had them finalized by an architect. While petitioners had a steady source of income from his military retirement pay, such income was not substantial enough to allow petitioner to invest significant amounts of time and money in a project from which he had no hope of recouping his investment. We are convinced that petitioner began the renovation hoping to eventually resell the property at a profit in order to supplement his retirement income. Clearly, under the facts herein petitioner's hope of gain from the anticipated appreciation *558 in the value of the property is a sufficient profit objective for purposes of section 183. See Lemmen v. Commissioner,supra;Engdahl v. Commissioner,72 T.C. 659, 669 (1979). See also, sec. 1.183-2(b)(4), Income Tax Regs. The existence of losses at the beginning of an activity does not necessarily indicate that the activity was not engaged in for profit. Engdahl v. Commissioner,supra.
Respondent has not argued that petitioner purchased the property and began renovating the home intending to move into it himself. Rather, it appears that respondent's determination that this activity was not engaged in for profit is based largely upon petitioner's failure to complete his renovation in a time period that respondent deems reasonable. Nevertheless, since petitioner has undertaken the renovation of the home by himself, his failure to complete the renovation by 1982 is understandale. Moreover, aside from the anticipation of some appreciation in the property's value, we are unable to discern frm the record before us, nor has respondent suggested, any reason for petitioner's purchase of the property and his renovation of *559 the home. Finally, petitioner's testimony made it clear that he did not view the "aching back" and "blisters" that he acquired in renovating the home as a recreational endeavor. Such renovation was undertaken solely with the view towards the profits that could be realized upon the sale of the property. [5]
*560 To reflect the foregoing, Decision will be entered under Rule 155.
[6]
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended in effect for the years in issue.↩
2. Most of the expenses incurred in 1977 and all of the expenses incurred in 1978 were allocable to petitioner's renovation project.↩
3. Consequently, respondent disallowed the labor expense deduction that the petitioner had claimed as an itemized deduction for 1977 because the deduction should have been claimed on the schedule C filed with his 1977 return.↩
4. On brief, respondent only argued that petitioner's renovation project was not an activity engaged in for profit, stating that the issue was somewhat obscured by the fact that petitioner reported the expenses from his renovation project together with the income and expenses from his other carpentry work on the schedule C filed with his 1977 tax return. It appears that respondent has conceded that the other carpentry work done by petitioner was a profit-oriented activity and is now contending that the renovation project is a separate activity that was not engaged in for profit. Respondent maintained, on brief, that his original determination, as set forth in the statutory notice, was indeed generous because it permitted petitioner to deduct the expenses claimed on his 1977 schedule C to the extent of the income from his carpentry work even though most of those expenses were attributable to the renovation project. Respondent, however, has not asserted an additional deficiency for 1977.↩
5. Neither in the pleadings nor at trial did respondent allege that the deductions claimed by petitioner in connection with his renovation of the home were nondeductible capital expenditures. Respondent alluded to this possibility for the first time on brief, stating that the deductions claimed by petitioner "are personal expenditures which, at best, go into their basis in the property involved", citing sec. 263(a)(1). This statement, however, was not presented as an alternative argument, but rather was offered in support of respondent's position under sec. 183. To the extent that respondent has even raised an argument under sec. 263, since the argument was raised for the first time on brief, we shall not consider it. See Rollert v. Commissioner, 80 T.C.     (March 31, 1983); Graham v. Commissioner,79 T.C. 415 (1982). Clearly, this issue would have required the presentation of other evidence by petitioner. Moreover, since this issue would have constituted a new matter, the burden of proof would have been on respondent. See Rule 142(a), Tax Court Rules of Practice and Procedure.↩ The evidence in the record on this matter is simply too sparse for us to determine the extent to which, if at all, the expenditures deducted by petitioner constituted capital expenditures.
6. Neither party addressed the allowable amount of petitioner's sales tax deductions for the years in issue. Since petitioner failed to address this matter, we must find that he is not entitled to such deductions in excess of the amounts allowed by respondent. See Rule 142(a), Tax Court Rules of Practice and Procedure.↩