T.C. Memo. 2008-61

UNITED STATES TAX COURT

MARY C. THEURER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3629-06.                    Filed March 11, 2008.

<u>Jeffrey D. Moffatt</u>, for petitioner.

<u>John D. Faucher</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a $73,524 deficiency in petitioner's 1999 Federal income tax, a section 6662(a) accuracy-related penalty of $14,705, and a section 6654 addition to tax of $44.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

The primary issue for decision is whether $240,000 petitioner received from her husband in 1999 is to be treated as taxable alimony.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Palmdale, California.

On February 25, 1998, after 21 years of marriage and after having three children together, petitioner and her husband separated. On April 22, 1998, petitioner filed for divorce in Los Angeles Superior Court.

On July 7, 1998, in the above divorce proceeding, the Los Angeles Superior Court ordered petitioner's husband to pay to petitioner $20,000 per month continuously "until further order of court, death of either party, [or] remarriage of * * * [petitioner], whichever first occurs". The July 7, 1998, court order also provided that "It will be determined at a future date by settlement, or court order, if the [$20,000 monthly] sum constitutes child or spousal support or some combination thereof".

In 1999, pursuant to the above court order, petitioner received from her husband a total of $240,000.

On January 12, 2000, the Los Angeles Superior Court amended the July 7, 1998, order by entering a minute order stating that

petitioner's husband had to pay to petitioner "the sum of $7,507 and for spousal support the sum of $26,850, retroactive to May 1, 1998".[1]

On her 1999 individual Federal income tax return, petitioner reported none of the $240,000 she received from her husband in 1999.

On her 2000 individual Federal income tax return, petitioner reported as alimony income $531,713 that she received from her husband. The $531,713 included the $240,000 petitioner received in 1999, plus $291,713 petitioner apparently received from her husband in 2000.[2]

On December 20, 2006, the divorce of petitioner and her husband became final.

OPINION

The amount of any item of gross income, including alimony, must be included in a cash basis taxpayer's gross income for the taxable year in which the taxpayer receives it. Sec. 451(a).

Generally, cash payments a taxpayer received from a spouse or former spouse under a divorce or separation agreement are to

---

[1] It is unclear from the record whether the amounts specified in the Jan. 12, 2000, minute order were to be paid one time or monthly and whether petitioner actually received them.

[2] The record and petitioner's counsel provide no credible explanation as to why petitioner reported the $240,000 petitioner received from her husband in 1999 on her individual Federal income tax return for 2000.

be treated as taxable alimony unless the payments are designated as nontaxable child support or unless the payments are to continue after the death of the taxpayer. Sec. 71(a), (b)(1)(D), (c)(1).

In determining whether a payment obligation is to end upon the death of a taxpayer, we first examine the applicable divorce order, which, if unambiguous, is dispositive of the issue. Okerson v. Commissioner, 123 T.C. 258, 264 (2004) (citing Hoover v. Commissioner, 102 F.3d 842 (6th Cir. 1996), affg. T.C. Memo. 1995-183).

Petitioner testified that if she died, her husband would be obliged, after her death, to continue making to their children the $20,000 monthly payments due under the July 7, 1998, court order, and therefore petitioner argues that the $240,000 she received in 1999 from her husband should not be treated as taxable alimony income. Alternatively, petitioner argues that the January 12, 2000, minute order of the superior court somehow retroactively established that a portion of the $240,000 she received in 1999 represented child support and should not be included in her 1999 income.

Respondent argues that because the July 7, 1998, court order unambiguously stated that petitioner's husband's monthly $20,000 payment obligation would end upon petitioner's death, the $240,000 petitioner received in 1999 from her husband is to be

treated as alimony and is to be included in petitioner's 1999 income.

We agree with respondent. The $240,000 petitioner received in 1999 from her husband under the July 7, 1998, court order constituted alimony and is includable in petitioner's 1999 taxable income.

The January 12, 2000, minute order of the superior court does not retroactively change the character of the $240,000 petitioner received in 1999. See Graham v. Commissioner, 79 T.C. 415, 420 (1982); Gordon v. Commissioner, 70 T.C. 525, 530 (1978); Ali v. Commissioner, T.C. Memo. 2004-284.

Alternatively, petitioner argues that because the $240,000 she received from her husband in 1999 also was reported on her 2000 Federal tax return, she should not be taxed on the $240,000 again in 1999. To the contrary, as a cash basis taxpayer, petitioner for 1999 must report and pay taxes on the alimony she received in 1999. See sec. 451(a). Petitioner should have filed an amended 2000 Federal income tax return to correct the overreporting for 2000 of alimony she received in 2000.

For the reasons stated, the $240,000 petitioner received from her husband in 1999 is to be treated as alimony and is includable in petitioner's 1999 income.

Because respondent has sustained his burden of production as to the section 6662(a) accuracy-related penalty and the section

6654 addition to tax, and because petitioner has offered no separate arguments with regard thereto, we sustain respondent's imposition of this penalty and addition to tax.  See <u>Wheeler v. Commissioner</u>, 127 T.C. 200 (2006).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.